EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Liana Caro Ortiz<br><br>Recurrida<br><br>v.<br><br>Alfredo Cardona Rivera<br><br>Peticionario | Certiorari<br><br>2003 TSPR 11<br><br>158 DPR \_\_\_\_ |

Número del Caso: CC-2000-1036


Fecha: 11 de febrero de 2003


Tribunal de Circuito de Apelaciones:
                        Circuito Regional II


Juez Ponente:
                  Hon. Gilberto Gierbolini



Abogado de la Parte Peticionaria:

                  Lcdo. Samuel Almodóvar Toro

Abogado de la Parte Recurrida:

                  Lcda. Concepción González Cordero

Materia: Divorcio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Liana Caro Ortiz

    Recurrida

       v.                    CC-2000-1036

Alfredo Cardona Rivera

    Peticionario

**Opinión del Tribunal emitida por la Juez Asociada señora NAVEIRA DE RODÓN**

**San Juan, Puerto Rico a 11 de febrero de 2003**

**I**

El 31 de agosto de 1998, la demandante recurrida, Sra. Liana Caro Ortiz (en adelante, señora Caro Ortiz), presentó ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una solicitud de aumento de la pensión alimentaria de su hija menor de edad habida con el demandado peticionario, Alfredo Cardona Rivera (en adelante, señor Cardona Rivera). Luego de una serie de trámites procesales, el 7 de marzo de 2000, el foro de instancia dictó y

notificó una escueta sentencia,[1] mediante la cual, aunque no adoptó de forma explícita el Informe del Oficial Examinador, sí acogió sus recomendaciones. A pesar de que el Informe obra en el expediente del tribunal y sirvió de base para la determinación tomada por éste, el mismo no se le notificó a las partes.[2] Cabe señalar, sin embargo, que de la argumentación que el propio peticionario, señor Cardona Rivera, hace en la moción de reconsideración que presentara ante el foro de instancia el 21 de marzo, se desprende que tuvo acceso a dicho Informe.

Unos días después de que el señor Cardona Rivera, presentara la moción de reconsideración, la Secretaría del tribunal se la devolvió arguyendo que había que adherirle cuarenta dólares ($40.00) en sellos de rentas internas.[3] La representación legal de éste se comunicó con la Secretaría y los convenció de que se habían equivocado. De la Secretaría le informaron entonces que tenía que presentar de nuevo la misma moción con fecha de radicación anterior. Así lo hizo.

Como ya había transcurrido gran parte del término jurisdiccional para presentar la apelación ante el Tribunal de Circuito de Apelaciones (en adelante, Tribunal de Circuito), tres (3) días antes de que éste venciera, el 4

_____

[1]     **A pesar de ser la determinación del foro de instancia una sentencia, éste la tituló "Resolución". Véase, Figueroa v. Del Rosario, 147 D.P.R. 121 (1998).**

[2]     **Como parte del apéndice al alegato en oposición a la Petición de Certiorari, la parte recurrida acompañó una copia del Informe del Oficial Examinador, pero no explicó cómo la obtuvo. De esta copia surge que el Informe no fue notificado a las partes. Además, así lo constatamos con la Secretaría del Tribunal de Primera Instancia, Sala Superior de Bayamón.**

[3]     **Esta información surge tanto de la Petición de Certiorari y del Alegato del demandado peticionario, Sr. Alfredo Cardona Rivera como del Alegato de la demandante recurrida, Sra. Liana Caro Ortiz.**

de abril, Cardona Rivera decidió radicarla.[4] Su representación legal presentó personalmente copia del recurso ante la Sala Superior de Bayamón del tribunal de instancia, y envió por correo certificado con acuse de recibo copia al abogado de la parte contraria.

Ese mismo día, el foro de instancia le concedió diez (10) días a la parte demandante recurrida, señora Caro Ortiz, para replicar a la moción de reconsideración. De esta forma, tanto el Tribunal de Primera Instancia como el Tribunal de Circuito, entendieron **considerada** dicha moción. Dos (2) días más tarde, el 6 de abril, se archivó en autos copia de la notificación de esta resolución.

El 7 de mayo el tribunal de instancia denegó la reconsideración. Esta determinación se notificó el 22 de mayo. Así las cosas, el 8 de noviembre, el Tribunal de Circuito desestimó el recurso de apelación por prematuro y por no haberse perfeccionado dentro del término jurisdiccional, al no incluirse en el apéndice copia del Informe del Oficial Examinador, a tenor con lo dispuesto en la Regla 34E(1)(e) del Reglamento del Tribunal de Circuito de Apelaciones de 1 de mayo de 1996, 4 L.P.R.A. Ap. XXII-A. Esta resolución fue notificada el 14 de noviembre.

El 13 de diciembre, el señor Cardona Rivera presentó ante nos una petición de certiorari. Alegó en síntesis que el Tribunal de Circuito se había equivocado al determinar que la apelación era prematura y que no se había perfeccionado dentro del término jurisdiccional de treinta (30) días que establece la ley y, por ende, desestimarla.

---

[4] **En la apelación Cardona Rivera hizo los siguientes señalamientos: que erró el foro de instancia al imponer una pensión alimentaria de mil sesenta y seis dólares con trece centavos ($1,066.13) mensuales; al hacerla retroactiva al 31 de marzo de 1998; y al imponer mil dólares ($1,000.00) en honorarios de abogado.**

El 26 de enero de 2001 decidimos revisar y expedimos el recurso.

Antes de proceder a analizar el planteamiento de prematuridad, resulta indispensable esbozar las normas generales aplicables a las mociones de reconsideración.

## II

A. <u>LA MOCIÓN DE RECONSIDERACIÓN – REGLA 47.1 de Procedimiento Civil</u>, 32 L.P.R.A. Ap. III.

La cuestión planteada requiere que comencemos por analizar la parte de la Regla 47.1 que dispone que el tribunal de instancia deberá **considerar**[5] la moción de reconsideración dentro del término de diez (10) días de haberse presentado la misma. Si el tribunal toma alguna determinación, el término jurisdiccional para apelar o presentar recurso de certiorari quedará interrumpido. De otra parte, si el tribunal deja de tomar acción en relación con dicha moción dentro de los diez (10) días de ésta haber

---

[5] **En reiteradas ocasiones hemos interpretado el concepto procesal de** considerar una moción de reconsideración. **En <u>Rodríguez Rivera</u> v. <u>Autoridad de Carreteras</u>, 110 D.P.R. 184, 187 (1980) dijimos con relación a lo que significa el acto judicial de** considerar una moción de reconsideración **que:**

> **Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar la revisión.**

**En <u>Castro</u> v. <u>Sergio Estrada, Auto Sales, Inc.</u>, res. el 22 de septiembre de 1999, 149 D.P.R._____(1999), 99 TSPR 143, 99 JTS 147, resolvimos que la acción de un tribunal de instancia de remitir una moción de reconsideración al juez que dictó la sentencia que se hallaba enfermo o de vacaciones,** era una determinación en su consideración **y, por lo tanto, interrumpía el término para recurrir en alzada.**

sido presentada, la Regla 47.1 establece que se entenderá que la moción fue rechazada de plano, y por ende, el término para recurrir en alzada no quedó interrumpido.

En El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791, 801 (1965) resolvimos "que una vez presentada en tiempo la moción de reconsideración, y resuelta por el Tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los [diez (10)] días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oír a las partes, **siempre que no haya sido privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de [certiorari] o no haya expirado el término para interponer dichos recursos.**"[6]  (Énfasis suplido.)  Lagares v. E.L.A., 144 D.P.R. 601 (1997); J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II, Cap. VIII, págs. 769 –770, Pub. JTS, 2000.

El término de diez (10) días que establece la Regla 47.1 persigue el propósito de estimular la pronta adjudicación de los pleitos, a la misma vez que le da certeza a los procedimientos y promueve la economía procesal, al advertirle a la parte perdidosa que el término para apelar o presentar recurso de certiorari no ha sido interrumpido.  El Mundo, Inc. v. Tribunal Superior, supra. Véase, además, Regla 1 de Procedimiento Civil.  Sobre este particular en Castro v. Sergio Estrada Auto Sales, Inc.,

_____

[6]  **Este caso se resolvió al amparo de la Regla 47 de Procedimiento Civil de 1958, que era sustancialmente igual a la actual Regla 47.1 de Procedimiento Civil de 1979.**

res. el 22 de septiembre de 1999, 149 D.P.R. _____ (1999),

99 TSPR 143, 99 JTS 147, a la pág. 72, expresamos que:

> La Regla 47 evidencia la intención de lograr un adecuado balance entre, por un lado, 1) proveer la oportunidad para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar la sentencia o resolución y por otro, 2) evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial. Véase, además, Lagares Pérez v. E.L.A., supra.

Ahora bien, no podemos leer e interpretar la Regla 47.1 de forma aislada. En la situación procesal que hoy nos ocupa, debemos considerarla conjuntamente con las Reglas 46, 65.3 y 67 sobre notificación. Reiteradamente hemos resuelto que "[l]os remedios postsentencia son provistos por el ordenamiento procesal civil mediante estatutos... por ello forman parte del debido proceso de ley." Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 989-990 (1995) (Citas omitidas.) En consecuencia, la falta de una notificación adecuada y a tiempo de cualquier **resolución, orden** o sentencia, podría afectar el derecho de una parte a cuestionar la **resolución, orden** o sentencia dictada, enervando así las garantías del debido proceso de ley. Falcón Padilla v. Maldonado Quirós, supra.

Por su parte, la Regla 65.3(a) dispone que "[i]nmediatamente después de archivarse en autos copia de **una [resolución], orden** o sentencia, el secretario notificará de tal archivo a todas las partes que hubiesen comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de la [**resolución], orden** o sentencia." La Regla 46 a su vez establece que, si la fecha de archivo en autos de copia de

la notificación de la **resolución u orden** es distinta a la del depósito en el correo de dicha notificación, el término para cumplir con dicha **resolución u orden** se calculará a partir de la fecha del depósito en el correo. La importancia de la notificación de una **resolución u orden** para que ésta surta efecto no debe ser menospreciada. Para que lo determinado por el tribunal en una **resolución u orden** surta efecto, el debido proceso de ley requiere, como mínimo, que se le notifique a las partes de dicha **resolución u orden.** Sólo así pueden las partes advenir en conocimiento de lo que el tribunal ha resuelto y ordenado y pueden oportunamente solicitar los remedios que entienden procedentes. De otro modo, las partes podrían verse afectadas de forma adversa por algo que desconocen.

> La correcta y oportuna notificación de las [**resoluciones**], **órdenes** y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.... Resulta indispensable y crucial que se notifique adecuadamente de una determinación sujeta a revisión judicial a todas las partes cobijadas por tal derecho. Falcón Padilla v Maldonado Quirós, supra, pág. 993; J.A. Cuevas Segarra, supra, Cap. X, Regla 65.3, págs. 1138-1139.

De todo lo antes expuesto se puede colegir con meridiana claridad, que hasta que no se notifica adecuadamente a las partes una **resolución, orden o sentencia**, ésta no surte efectos y los distintos términos que de ella dimanan no comienzan a decursar. Adjudicarle efectos procesales a una determinación judicial no notificada trastocaría el andamiaje procesal y socavaría los cimientos del debido proceso de ley. Difícilmente se le puede exigir a una parte que actúe con diligencia y de acuerdo con el estado procesal del caso, si ésta lo desconoce por no habérsele notificado el mismo. Hasta que

no se notifique adecuadamente a las partes una **resolución u orden,** ésta no surtirá efecto.

**Resumiendo: la notificación es parte integral de la actuación judicial, por lo tanto, para que una resolución u orden surta efecto, ésta tiene que ser, no solamente emitida por un tribunal con jurisdicción, sino también notificada a las partes, ya que es a partir de la notificación que comienzan a decursar los términos establecidos en la misma y la determinación afectará el estado procesal del caso.**

B. <u>APLICACION DE LAS NORMAS PROCESALES A LOS HECHOS</u>

Inconforme con la determinación del tribunal de instancia y entendiendo que éste se había equivocado, el demandado peticionario, señor Cardona Rivera, optó por presentar una moción de reconsideración para así brindarle la oportunidad a dicho foro de corregir lo que estimaba era un error.  Esto lo hizo dentro del término jurisdiccional de quince (15) días establecido en la Regla 47.1.  Así comenzó su azaroso peregrinaje a través de la madeja procesal que últimamente parece haber adquirido vida propia en nuestro sistema judicial.

A pesar de haber presentado su moción a tenor con lo dispuesto en las Reglas de Procedimiento Civil, la Secretaría del tribunal de instancia se la devolvió. Aparentemente por equivocación creyeron que era necesario que se adhirieran a dicha moción cuarenta dólares ($40.00) en sellos de rentas internas.  Diligentemente la representación legal del señor Cardona Rivera se comunicó con la Secretaría del tribunal y logró aclarar el asunto. Le instruyeron que volviera a presentar la moción que le había sido devuelta, la misma que aparecía sellada con la fecha anterior.  Así lo hizo.

El 4 de abril de 2000, faltando sólo tres (3) días para finalizar el término jurisdiccional de treinta (30) días para presentar un recurso de apelación y ante la aparente inacción del foro de instancia y posibilidad de perder su derecho a la revisión en alzada, el demandado peticionario, señor Cardona Rivera, decidió apelar al Tribunal de Circuito. Para asegurase que su recurso quedase perfeccionado en tiempo, personalmente radicó una copia en el tribunal de instancia y envió otra por correo certificado con acuse de recibo a la otra parte. Ese mismo día, 4 de abril de 2000, mientras realizaba estas gestiones, el foro de instancia decidió **considerar la moción de reconsideración**, solicitándole a la parte contraria que se expresara sobre la misma. De esto, sin embargo, el peticionario no se enteró, pues la moción no fue notificada por correo hasta el 6 de abril de 2000, un (1) día antes de vencer el término jurisdiccional para recurrir en alzada.

El Tribunal de Circuito resolvió erróneamente que bastaba con que el foro de instancia hubiese emitido una resolución **considerando la moción de reconsideración** para que el término para apelar se interrumpiese, esto independientemente de cuando la misma fuese notificada. El estado de incertidumbre que esto crea milita en contra del propósito de la propia Regla 47.1 de proveerle a la parte perdidosa la certeza sobre cuando el término para recurrir en apelación ha quedado interrumpido y promover de esta forma la economía procesal al evitar que la parte perdidosa, ante la incertidumbre de si se ha interrumpido el término o no, presente un escrito de apelación que luego podría tornarse en prematuro por la notificación, posterior

o simultánea, de la **resolución considerando la moción de reconsideración.**

La postura adoptada por el Tribunal de Circuito tiende a crear situaciones insostenibles, totalmente contrarias a los propósitos de las normas procesales de promover la solución justa, rápida y económica de los conflictos y controversias. Más aún, propicia el retorno de nuestro derecho procesal al juego de astucias y tretas que fue tan criticado y condenado en el pasado. Esta posición fomenta la presentación de recursos apelativos que resultarán prematuros una vez se notifique la resolución del tribunal **considerando la moción de reconsideración.** Ni las partes, ni los foros apelativos sabrán cuándo sucederá esto, pues el tribunal de instancia no tiene término para llevar a cabo la notificación. Por lo tanto, en las Secretarías de instancia donde hay más atrasos o donde se procesan la mayor cantidad de los casos, habrá mayor incertidumbre.

De otra parte, se podría dar la situación de que la notificación de la **resolución considerando la moción de reconsideración**, se haga después que el foro apelativo haya resuelto el caso revocando la determinación de instancia. No debemos permitir la posibilidad de que esta indeseable situación suceda. Además, fomentar la presentación de recursos por miedo de que se pueda perder el derecho a la revisión en alzada, milita en contra de la economía procesal pues sobre un mismo asunto se va a ocupar el personal de dos (2) Secretarías, la de instancia y la del Tribunal de Circuito, y el tiempo de por lo menos cuatro (4) jueces, uno (1) de instancia y tres (3) del foro apelativo. Todo esto sin contar con el tiempo que habrán de invertir los abogados y su personal, todo ello en gestiones totalmente innecesarias e inútiles. No podemos

ser partícipes en fomentar este tipo de consecuencias procesales tan contrarias al debido proceso de ley y la función de la Rama Judicial.

En el caso ante nuestra consideración se está penalizando al demandado peticionario, el señor Cardona Rivera, por su diligencia. La determinación del Tribunal de Circuito resulta contraria al principio cardinal del derecho procesal de que la justicia ha de dispensarse por los tribunales de forma justa, rápida y económica. Entendemos que para que la consideración de una moción de reconsideración tenga el efecto de interrumpir el término jurisdiccional para recurrir en alzada es necesario, no solamente que el tribunal la considere antes de que transcurra el término para recurrir en alzada o que una de las partes haya presentado un recurso en el foro apelativo, sino que es necesario que esta determinación se notifique también antes de que hayan ocurrido estos eventos procesales.

Por las razones que anteceden entendemos que el recurso de apelación presentado por el demandado peticionario, señor Cardona Rivera, ante el Tribunal de Circuito no fue presentado prematuramente.

Pasemos ahora a examinar el segundo planteamiento: la alegación de que el recurso no se perfeccionó dentro de término jurisdiccional de treinta (30) días establecido por ley, ya que en el apéndice no se incluyó el Informe del Oficial Examinador de Pensiones Alimentarias.

III

A. EL INFORME DEL OFICIAL EXAMINADOR DE PENSIONES ALIMENTARIAS

A tenor con lo dispuesto en el Art. 18 (5) de la Ley Orgánica de Sustento de Menores, Ley Núm. 16 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 517,

sobre la tramitación del procedimiento administrativo expedito, "[e]l informe de un Examinador incluirá determinaciones de hechos, conclusiones de derecho y recomendaciones sobre la pensión alimenticia." El foro de instancia, por su parte, "podrá hacer suyas las determinaciones, conclusiones y recomendaciones del Examinador o **hacer sus propias determinaciones de hecho** o conclusiones de derecho **con o sin vista previa** y emitir la **orden, resolución** o sentencia que corresponda la cual será notificada al alimentante y alimentista o al Secretario de la Familia, según sea el caso." (Énfasis suplido.)

Al amparo de estas disposiciones la mayor parte de las distintas Regiones Judiciales en la Isla han interpretado que una vez el tribunal considera el Informe del Examinador de Pensiones Alimentarias y emite su **resolución, orden** o sentencia, ya fuere fijando la pensión, modificándola o denegando lo solicitado, junto con la determinación del tribunal se le notifica a las partes el Informe para que éstas, de así desearlo, puedan recurrir al tribunal apelativo en revisión de dicha determinación. El Informe entonces se une y se hace formar parte del expediente del caso en el tribunal.

Este procedimiento, sin embargo, no se sigue en la Región Judicial de Bayamón.[7] En dicha Región, aunque el Informe forma parte del expediente del caso en el tribunal, y las partes aparentemente tienen acceso al mismo, el Informe en sí no se les notifica. Sólo se les dará una copia si el juez así lo autoriza.[8]

---

[7]     **Esta información la obtuvimos de la Oficina de la Administración de los Tribunales (OAT). También se nos indicó que el procedimiento tampoco se sigue en la Región Judicial de Arecibo.**

En el caso de autos, tanto en la petición de certiorari como en su alegato, el peticionario, señor Cardona Rivera, nos informa que a pesar de que el foro de instancia fijó la pensión alimentaria tomando en consideración el Informe del Oficial Examinador, como éste no se hizo formar parte de la "Resolución" emitida por el tribunal, no se le notificó a las partes copia del mismo.

Sobre este particular la parte demandante recurrida, señora Caro Ortiz, se limita a indicar que es dentro del contexto del presente recurso de certiorari donde por primera vez el demandado peticionario argumenta sobre la falta de notificación del Informe. Claro está, ésta es también la primera vez que surge la necesidad de que el señor Cardona Rivera haga este planteamiento.

Entendemos que la práctica seguida en la Región Judicial de Bayamón de no notificar los Informes del Oficial Examinador de Pensiones Alimentarias a menos que éste se haga formar parte de la resolución, orden o sentencia que dicte el tribunal, debe descontinuarse. Como regla general, las partes tienen derecho a que se les notifique todo documento que el tribunal toma en consideración para llegar a su determinación. Sólo así podrán éstas efectivamente ejercer su derecho a una adecuada revisión de esa determinación por los foros apelativos. También, como regla general, no se le debe exigir a una parte que, como requisito jurisdiccional para el perfeccionamiento de un recurso, incluya en el apéndice un documento que no tiene por no habérsele notificado.

---

[8]    **Aparentemente en esta Región Judicial, el Informe del Oficial Examinador de Pensiones Alimentarias se considera un documento confidencial del cual ni siquiera las partes pueden obtener copia sin la autorización del tribunal, esto independientemente del hecho de que el tribunal lo haya utilizado como base para sus determinaciones de hecho y conclusiones de derecho.**

**Resumiendo: como requisito mínimo del debido proceso de ley y como regla general, a una parte hay que notificarle de todo documento que el tribunal tome en consideración para resolver el caso o incidente de que se trate. Sólo así podrán ejercer efectivamente su derecho estatutario a una revisión en los foros apelativos.**

IV

Por todo lo antes expuesto, resolvemos que el Tribunal de Circuito se equivocó al concluir que la apelación presentada ante su consideración por el peticionario, señor Cardona Rivera, fue prematura y, por lo tanto, procedía su desestimación. Tampoco es correcta, bajo las circunstancias específicas de este caso, su determinación de que en el apéndice del recurso había que incluir una copia del Informe del Oficial Examinador de Pensiones Alimentarias para que éste quedara adecuadamente perfeccionado. En consecuencia, se revoca el dictamen y se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Miriam Naveira de Rodón
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Liana Caro Ortiz

    Recurrida

        v.                    CC-2000-1036

Alfredo Cardona Rivera

    Peticionario

SENTENCIA

San Juan, Puerto Rico a 11 de febrero de 2003

    Por los fundamentos expuestos en la Opinión que antecede, se revoca el dictamen emitido por el Tribunal de Circuito de Apelaciones y se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente con Opinión escrita. El Juez Asociado señor Corrada del Río disiente sin Opinión escrita.

                              Patricia Otón Olivieri
                          Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Liana Caro Ortiz

    Recurrida

      v.

                         CC-2000-1036    Certiorari

Alfredo Cardona Rivera

    Peticionario

**Opinión Disidente emitida por el Juez Asociado señor Rivera Pérez.**

San Juan, Puerto Rico, a 11 de febrero de 2003.

El peticionario, señor Alfredo Cardona Rivera, recurre ante esta Curia de una sentencia emitida el Tribunal de Circuito de Apelaciones en un recurso de apelación. Ese foro apelativo intermedio desestimó el recurso de apelación por ser prematuro y porque no se incluyó en su apéndice el informe rendido por el Examinador de Pensiones Alimenticias. La Mayoría determina revocar la sentencia recurrida, por entender que el recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones no era prematuro, y porque no era necesaria la inclusión de copia del referido

informe en el apéndice que acompañó tal recurso para perfeccionar su presentación.  Disentimos.

I

El 31 de agosto de 1998, la señora Liana Caro Ortiz presentó ante el Tribunal de Primera Instancia, por derecho propio, una solicitud de aumento de pensión alimenticia contra su ex-esposo, el señor Alfredo Cardona Rivera.[9] Luego de varios trámites procesales, el foro de primera instancia dictó el 7 de marzo de 2000 una resolución, en la cual aumentó la pensión alimenticia a la suma de mil sesenta y seis dólares con trece centavos ($1066.13) mensuales. Se archivó en autos copia de su notificación el 10 de marzo de 2000.[10] El 21 de marzo de 2000, el señor Alfredo Cardona Rivera presentó una moción de reconsideración ante el Tribunal de Primera Instancia.[11] El 4 de abril de 2000, el aquí peticionario, señor Alfredo Cardona Rivera, presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones solicitando que se revocara la determinación del Tribunal de Primera Instancia, porque la pensión alimenticia impuesta era excesiva.[12] Ese mismo día, el Tribunal de Primera Instancia acogió la moción de reconsideración y le ordenó a la parte demandante que expusiera su posición sobre la referida moción. Se notificó a las partes copia de esa orden el 6 de abril de 2000.[13] Finalmente, ese Tribunal declaró no ha lugar la solicitud de reconsideración, mediante orden

---

[9] **Apéndice del recurso de <u>Certiorari</u>, pág. 9**

[10] **Íd., págs. 10-12.**

[11] **Íd., pág. 13.**

[12] **Íd., pág. 1.**

[13] **Íd., pág. 22.**

emitida el 17 de mayo de 2000, la cual se notificó a las partes el 22 de mayo del mismo año.[14]

La parte apelada, señora Liana Caro Ortiz, presentó una "Moción de Desestimación" ante el Tribunal de Circuito de Apelaciones el 28 de abril de 2000,[15] solicitando la desestimación del recurso de apelación, por ser prematuro.

El Tribunal de Circuito de Apelaciones desestimó el recurso de apelación, mediante resolución emitida el 8 de noviembre de 2000, copia de cuya notificación se archivó en autos el 14 de noviembre de 2000.[16] El foro apelativo intermedio fundamentó su desestimación en que el recurso de apelación era prematuro, por haberse acogido por el Tribunal de Primera Instancia la moción de reconsideración presentada dentro del término jurisdiccional dispuesto por ley para ello. Concluyó, además, que el apéndice del recurso de apelación estaba incompleto, porque no se incluyó copia del informe rendido por el Examinador de Pensiones Alimenticias.

Inconforme, el señor Alfredo Cardona Rivera recurre oportunamente ante nos, mediante recurso de Certiorari, señalando como error cometido por el Tribunal de Circuito de Apelaciones lo siguiente:

> **Erró el Tribunal de Circuito de Apelaciones al declararse sin jurisdicción por ser prematuro el recurso de apelación.**

## II

**¿Se presentó prematuramente el recurso de apelación ante el Tribunal de Circuito de Apelaciones? Contestamos dicha interrogante en la afirmativa. Veamos.**

---

[14] Íd., pág. 23.

[15] Íd., pág. 26.

[16] Íd., págs. 15-21.

En el caso ante nuestra consideración se recurrió ante el Tribunal de Circuito de Apelaciones de una sentencia emitida por el Tribunal de Primera Instancia referente a un aumento de pensión alimenticia.[17] El término jurisdiccional establecido por ley para recurrir de ese dictamen es de treinta (30) días, contados a partir del archivo en autos de copia de la notificación de la sentencia.[18] Una vez transcurrido tal término, sin que se haya interpuesto el correspondiente recurso de apelación, la sentencia se convierte en final, firme e inapelable, ya que el foro apelativo intermedio no tiene jurisdicción para resolver el recurso en sus méritos.[19] Un término jurisdiccional es fatal, improrrogable e insubsanable.[20] Sin embargo, existen mecanismos procesales, cuya utilización tiene el efecto de interrumpir ese término. Entre ellas se encuentra la moción de reconsideración a ser presentada oportunamente ante el Tribunal de Primera Instancia.[21]

─────────────────

[17] Aunque el Tribunal de Primera Instancia tituló su determinación como "Resolución", lo cierto es que por tratarse de un caso en que se solicita el aumento de una pensión alimenticia previamente establecida, el dictamen constituye una sentencia para todos los fines. Véase Figueroa v. Del Rosario, 147 D.P.R. 121 (1998).

[18] Artículo 4.002(a) de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22k(a); Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1; y la Regla 13(A) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 13 (A).

[19] Rodríguez v. Syntex P.R., Inc., res. el 21 de junio de 1999, 99 T.S.P.R. 97, 148 D.P.R. ____ (1999), 99 J.T.S. 99.

[20] Martínez, Inc. v. Abijoe Realty Corp., res. el 5 de diciembre de 2000, 2000 T.S.P.R. 73, 151 D.P.R. ____ (2000), 2000 J.T.S. 85.

[21] A esos efectos, la Regla 53.1(g) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1(g), dispone lo siguiente:

(g) *Interrupción del término para apelar.*-El transcurso del término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:

Dicho mecanismo procesal está contemplado por la Regla 47 de Procedimiento Civil,[22] la cual dispone lo siguiente:

> La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido. **Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* con término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de *certiorari* con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción.** Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. (Énfasis nuestro.)
>
> ...

El propósito de esta regla es permitir que aquella parte afectada por una determinación del Tribunal de Primera Instancia le solicite a ese foro que modifique la

---

> (1) ...
>
> (2) En las apelaciones al Tribunal de Circuito de Apelaciones provenientes del Tribunal de Primera Instancia, resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47 [de Procedimiento Civil]. **(Énfasis nuestro.)**
>
> (3) ...
>
> (4) ...

[22] 32 L.P.R.A. Ap. III, R. 47.

misma.[23]  Sin embargo, este mecanismo procesal fue utilizado por mucho tiempo por los abogados para dilatar la solución de los pleitos.[24]   Por esa razón, la Regla 47 de Procedimiento Civil, _supra_, encierra dos principios importantes, a saber: (1) la mera presentación de la moción no interrumpirá el término para recurrir de la sentencia, orden o resolución ante un tribunal apelativo, excepto que la misma sea acogida por el tribunal; y (2) si transcurre un número de días sin que el tribunal acoja la referida moción, se considera que fue rechazada de plano.[25]  La antes mencionada regla busca otorgarle al Tribunal de Primera Instancia la oportunidad de corregir cualquier error que haya cometido y, a su vez, evitar que se utilice ese mecanismo para dilatar la resolución de los pleitos.[26]

Una moción de reconsideración que ha sido presentada oportunamente y acogida por el Tribunal de Primera Instancia dentro del término de diez (10) días que establece la Regla 47 de Procedimiento Civil, _supra_, interrumpe el término jurisdiccional para recurrir de una sentencia dictada por ese Tribunal.[27]  En _Lagares v. E.L.A._, _supra_, establecimos que si el Tribunal de Primera Instancia acoge una moción de reconsideración, presentada contra una

_____

[23] _Castro v. Sergio Estrada Auto Sales, Inc._, res. el 22 de septiembre de 1999, 99 T.S.P.R. 143, 149 D.P.R. ____ (1999), 99 J.T.S. 147.

[24] _Íd._

[25] _Íd._

[26] _Íd._

[27] Regla 53.1(g) de Procedimiento Civil, _supra_; _Pérez v. VPH Motor Corp._, res. el 3 de noviembre de 2000, 2000 T.S.P.R. 165, 152 D.P.R. ___ (2000), 2000 J.T.S. 177; _Castro v. Sergio Estrada Auto Sales, Inc._, _supra_; _Lagares v. E.L.A._, 144 D.P.R. 601 (1997); _Ortiz v. Adm. Sist. de Retiro Emp. Gob._, 147 D.P.R. 816 (1999); _Soc. de Gananciales v. Sánchez_, res. el 18 de mayo de 1999, 99 T.S.P.R. 76, 148 D.P.R. ___ (1999), 99 J.T.S. 82.

sentencia dictada por dicho Tribunal, fuera del referido término de diez (10) días, pero dentro del término jurisdiccional dispuesto por ley para recurrir de dicha sentencia, éste último queda interrumpido. Hemos establecido, además, que el Tribunal de Primera Instancia retiene su jurisdicción para reconsiderar una sentencia final que haya emitido, si no ha transcurrido el plazo jurisdiccional para recurrir de la misma, o no se ha presentado ante el Tribunal de Circuito de Apelaciones el correspondiente recurso de apelación.[28] No obstante, la mera presentación del recurso de apelación ante el foro apelativo intermedio no tiene el efecto de privar de su jurisdicción al Tribunal de Primera Instancia, a los efectos de reconsiderar la sentencia que dictara.[29] Para que el Tribunal de Primera Instancia pierda la jurisdicción sobre el pleito, se hace necesario que el recurso de apelación ante el Tribunal de Circuito de Apelaciones se haya presentado conforme a las disposiciones estatutarias y reglamentarias que gobiernan el perfeccionamiento de su presentación.[30] De lo contrario, el Tribunal de Primera Instancia puede reconsiderar la sentencia dictada, porque conserva su jurisdicción sobre el caso.[31] Una vez interrumpido el término para recurrir de la sentencia, por haberse acogido debidamente la moción de reconsideración en el Tribunal de Primera Instancia, el término jurisdiccional para recurrir de la sentencia comienza a transcurrir nuevamente en el momento en que se archive en autos copia

---

[28] Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314 (1997).

[29] Íd.

[30] Íd.

[31] Íd.

de la notificación de la resolución resolviendo definitivamente la moción.[32]

Según discutiéramos anteriormente, cuando el Tribunal de Primera Instancia acoge oportunamente una moción de reconsideración de una sentencia dictada por éste, está ejerciendo y reteniendo su jurisdicción sobre el caso que tuvo ante su consideración.[33] Una vez se interrumpe el término para interponer un recurso de apelación ante el Tribunal de Circuito de Apelaciones mediante la presentación de una moción de reconsideración, debidamente acogida por el foro de primera instancia, el recurso de apelación interpuesto ante el foro apelativo intermedio es prematuro y este último foro carece de jurisdicción para considerarlo.[34] El Tribunal de Circuito de Apelaciones tiene que ser celoso en asegurarse de no considerar un recurso de apelación presentado prematuramente. Ese Tribunal es guardián de su jurisdicción.[35]

El caso ante nuestra consideración presenta una situación muy particular, la cual merece una atención cuidadosa. El Tribunal de Primera Instancia acogió la moción de reconsideración presentada por el demandado de autos, mediante orden dictada el 4 de abril de 2000, notificada a las partes el 6 de abril de 2000. Ese mismo día, 6 de abril de 2000, el demandado de autos presentó ante el Tribunal de Circuito de Apelaciones el recurso de

---

[32] **Lagares v. E.L.A.**, *supra*.

[33] Íd.

[34] **Pueblo v. Santana Rodríguez**, res. el 25 de mayo de 1999, 99 T.S.P.R. 81, 148 D.P.R. ___ (1998), 99 J.T.S. 86; y **Hernández v. Marxuach Const. Co.**, 142 D.P.R. 492 (1997).

[35] **Juliá et als v. Epifanio Vidal, S.E.**, res. el 14 de febrero de 2001, 2001 J.T.S. 15, 153 D.P.R. ___ (2001), 2001 J.T.S. 18.

apelación contra la sentencia dictada en su contra. No tenemos constancia de la hora en la que el Tribunal de Primera Instancia dictó la orden acogiendo la moción de reconsideración. No obstante, debido a la hora en que se radicó el recurso de apelación, es posible que el foro de primera instancia ejercitara su jurisdicción antes de presentarse la apelación ante el Tribunal de Circuito de Apelaciones. Nótese, que la apelación se presentó en horas de la tarde, por lo que el Tribunal de Primera Instancia tuvo la oportunidad de ejercitar su jurisdicción antes de haberse presentado el recurso.[36] Tampoco surge de los autos que el demandado de autos hubiese presentado copia del recurso de apelación en la Secretaría del Tribunal de Primera Instancia ese mismo día, por lo que es razonable concluir que ese foro desconocía de la presentación del recurso.[37]

Ahora bien, ¿qué efecto tuvo, sobre la cuestión de prematuridad del recurso de apelación, el hecho de que la orden acogiendo la moción de reconsideración se notificara a las partes luego de presentarse el recurso de apelación ante el Tribunal de Circuito de Apelaciones? Entendemos que ninguno.

La Mayoría sostiene que para que la consideración por el Tribunal de Primera Instancia de una moción de reconsideración tenga el efecto de interrumpir el término jurisdiccional para recurrir en apelación al Tribunal de Circuito de Apelaciones es necesario, no sólo que el foro primario la considere antes de que transcurra el término

---

[36] Del expediente ante nos surge que el recurso de apelación se presentó en la Secretaría del Tribunal de Circuito de Apelaciones a las 2:26 de la tarde.

[37] Véase Regla 14(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 14(B).

para recurrir en alzada o que una de las partes haya presentado un recurso en el foro intermedio apelativo, sino que es necesario que esta determinación se notifique a las partes antes de que hayan concurrido estos eventos procesales. Concluye, que la notificación a las partes de esa determinación del Tribunal de Primera Instancia es parte integral de la actuación judicial. Añade, que para que la resolución u orden emitida por el Tribunal de Primera Instancia considerando una moción de reconsideración presentada surta el efecto interruptor del referido término jurisdiccional, ésta tiene que ser emitida por ese Tribunal con jurisdicción, y además notificada a las partes antes de que transcurra el mismo. No compartimos tal óptica. Veamos.

El efecto del archivo en autos de copia de la notificación de una sentencia final del Tribunal de Primera Instancia, es que comienza a transcurrir en ese momento el término para apelar una determinación que ya fue tomada por el Tribunal.[38] De la misma forma, la notificación a las partes de una resolución u orden interlocutoria emitida por el Tribunal de Primera Instancia demarca el comienzo del término de cumplimiento estricto dispuesto por ley para revisar tal determinación ante el Tribunal de Circuito de Apelaciones, mediante el recurso de certiorari.[39] El archivo en autos de copia de la notificación de la sentencia final dictada por el Tribunal de Primera Instancia o la notificación a las partes de una resolución

---

[38] Rodríguez et als. v. A.R.Pe., res. el 26 de agosto de 1999, 99 T.S.P.R. 131, 149 D.P.R. ___ (1999), 99 J.T.S. 136; García Claudio v. García Guevara, 145 D.P.R. 659 (1998).

[39] Artículo 4.002(a) de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22k(f).

u orden interlocutoria emitida por ese Tribunal, es un procedimiento ministerial de Secretaría, posterior al acto judicial.    La actuación judicial le corresponde exclusivamente al Tribunal de Primera Instancia y no a su Secretaria.[40]    Por lo tanto, acogida mediante orden del Tribunal de Primera Instancia la moción de reconsideración el 4 de abril de 2000, es en ese momento que el Tribunal realizó su acto judicial de acoger la moción y no posteriormente cuando la Secretaría notificó a las partes y archivó en autos copia de la notificación.    El carácter posterior y accesorio del acto de archivo en autos de copia de la notificación de sentencias finales, o de la notificación a las partes de resoluciones y órdenes dictadas por el Tribunal de Primera Instancia, se puede apreciar claramente en la Regla 24 de las Reglas para la Administración del Tribunal de Primera Instancia.    Dicha regla dispone, en su inciso (e),[41] que el Secretario deberá notificar a las partes y archivar en autos copia de la notificación de una providencia judicial en los casos apropiados, dentro de los diez (10) días de haberla recibido en Secretaría.[42]    Por lo antes expuesto, concluimos que el Tribunal de Primera Instancia tenía jurisdicción para acoger la moción de reconsideración, ya que no había transcurrido el término jurisdiccional para recurrir de su sentencia ante el Tribunal de Circuito de Apelaciones mediante apelación, ni se había interrumpido con la

---

[40] Jones v. Celotex Corp., 857 F.2d 273 (1988); Weedon v. Gaden, 419 F.2d 303 (1969); Pure Oil Co. v. Boyne, 370 F.2d 121 (1966); Burke v. C.I.R., 301 F.2d. 903 (1962); 11 Wright and Miller, Federal Practice and Procedure 2d, Sec. 2781 (1995).

[41] 4 L.P.R.A. Ap. II-B, R. 24(e).

[42] La notificación a las partes de la orden se realizó antes de vencer el término jurisdiccional para recurrir de la sentencia.

presentación de tal recurso ante el Tribunal de Circuito de Apelaciones.

La interpretación que le imparte la Mayoría a este asunto tiene el indeseable efecto de que una moción de reconsideración presentada ante el Tribunal de Primera Instancia surte efecto interruptor del término jurisdiccional para recurrir mediante apelación ante el Tribunal de Circuito de Apelaciones, no cuando ese Tribunal decide considerarla por resolución u orden, sino cuando la Secretaria notifica a las partes su actuación judicial. O sea, que si el Tribunal de Primera Instancia dicta su resolución u orden acogiendo la moción de reconsideración el día número treinta (30) del término jurisdiccional para apelar al Tribunal de Circuito de Apelaciones, pero la Secretaría de ese Tribunal la notifica a las partes al otro día, o sea, el día número 31, el efecto de la norma pautada por este Tribunal es que dicho término jurisdiccional no fue interrumpido.[43] En otras palabras, que lo determinante para efectos de la interrupción de dicho término jurisdiccional, según la Mayoría, no es la referida resolución u orden del Tribunal de Primera Instancia, sino la gestión de su Secretaría de notificarla, cuando tal notificación no demarca el comenzar nuevamente del transcurrir del término jurisdiccional, sino el archivo en autos de la notificación a las partes de la resolución resolviendo definitivamente la moción de reconsideración. No podemos compartir tal visión, porque entonces la interrupción del referido término jurisdiccional dependería de la Secretaría del Tribunal de Primera Instancia y no de

---

[43] Para evitar tal anomalía, la norma pautada por la Mayoría le impone a la Secretaría del Tribunal de Primera Instancia el deber de notificar a las partes dicha resolución u orden inmediatamente.

este último, dando al traste con la norma sentada por este Tribunal en <u>Lagares v. E.L.A.</u>, <u>supra</u>.

El deficiente diseño de nuestra Regla 47 de Procedimiento Civil, <u>supra</u>, produjo la anomalía de que al presentarse una moción de reconsideración ante el Tribunal de Primera Instancia, que no hay constancia para las partes que haya sido acogida al día número 30 del término jurisdiccional para apelar la sentencia final dictada por ese Tribunal, obliga al promovente de la misma a presentar el recurso de apelación ante el Tribunal de Circuito de Apelaciones antes de vencido el referido término, para preservar su derecho. No obstante, la solución a ese problema, a nuestro juicio, no puede ser que el efecto interruptor del referido término jurisdiccional lo produzca la notificación por la Secretaría del Tribunal de Primera Instancia de una resolución u orden de naturaleza interlocutoria dictada por ese Tribunal acogiendo la moción de reconsideración. El efecto de este proceder es impartirle a lo accesorio el carácter de lo principal, y viceversa. Tal curso de acción entendemos, muy respetuosamente, resulta en un contrasentido de los principios y valores generales contenidos en nuestra infraestructura procesal civil vigente. La norma aquí sentada podría producir una anomalía mucho más insólita, pues acogida la moción de reconsideración por el Tribunal de Primera Instancia, mediante orden o resolución, dentro del referido término jurisdiccional y notificada la misma a las partes por la Secretaría fuera del mismo, no surtiría efecto interruptor alguno. O sea, reduce aun más el limitado campo de acción que la Regla 47 de Procedimiento Civil, <u>supra</u>, concede a las partes y al foro de primera instancia para tratar de corregir un error cometido por

este último, en ánimo de evitar el costo y la dilación para las partes de un proceso de apelación ante el Tribunal de Circuito de Apelaciones.  La norma pautada por la Mayoría opera en sentido contrario al principio cardinal de que nuestro ordenamiento procesal debe permitir que se imparta la justicia de una forma más rápida y económica.

Concluimos, que habiendo sido acogida la moción de reconsideración por el Tribunal de Primera Instancia en el caso de autos, dentro del término jurisdiccional dispuesto por ley para recurrir del dictamen emitido por ese foro, el antes mencionado término quedó interrumpido.  El recurso de apelación presentado por el aquí peticionario ante el Tribunal de Circuito de Apelaciones era prematuro y dicho foro carecía de jurisdicción para atenderlo.

III

Nos corresponde expresarnos con respecto al otro fundamento utilizado por el Tribunal de Circuito de Apelaciones para desestimar el recurso.  Es necesario determinar si el informe del Examinador de Pensiones Alimenticias, el cual no fue notificado a las partes, pero sí tuvieron acceso al mismo, es un documento cuya ausencia en el apéndice del recurso de apelación es causa para la desestimación, por incumplir con un requisito de naturaleza jurisdiccional.  Veamos.

La Regla 16 (E) del Reglamento del Tribunal de Circuito de Apelaciones[44] dispone lo siguiente:

(E) *Apéndice*.-

(1) El escrito de apelación incluirá un apéndice que contendrá una copia literal de:

---

[44] 4 L.P.R.A. Ap XXII-A, R. 16(E).

(a) Las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Circuito de Apelaciones para resolver la controversia. **(Énfasis nuestro.)**

...

En varias ocasiones hemos establecido que los requisitos estatutarios o reglamentarios para perfeccionar un recurso ante este Tribunal o ante el Tribunal de Circuito de Apelaciones tienen que cumplirse de manera rigurosa, especialmente cuando ese requisito es de naturaleza jurisdiccional.[45] El cumplimiento de un requisito de esa naturaleza no puede quedar al arbitrio de los abogados postulantes.[46]

Como podemos observar, el incluir con el recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones un apéndice que contenga todos los documentos

---

[45] Rojas v. Axtmayer Ent., Inc., res. el 21 de marzo de 2000, 2000 T.S.P.R. 46, 150 D.P.R. ___ (2000), 2000 J.T.S. 59; Arriaga v. F.S.E., 145 D.P.R. 122 (1998); Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987); Mfrs. H. Leasing v. Carib. Tubular Corp., 115 D.P.R. 428 (1984); Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975).

[46] Rojas v. Axtmayer Ent., Inc., supra.

mencionados en la Regla 16(E) del Reglamento de ese Tribunal, _supra_, es un requisito jurisdiccional para el perfeccionamiento de ese tipo de recurso. En repetidas ocasiones hemos desestimado tales recursos cuando no se incluyen en los mismos los documentos requeridos por la referida disposición reglamentaria y que son necesarios para acreditar la jurisdicción del foro apelativo intermedio o para resolver los méritos del recurso.[47] **De hecho, la Regla 53.1(l) de Procedimiento Civil, _supra_, establece que el Tribunal de Circuito de Apelaciones podrá desestimar, a iniciativa propia o a solicitud de parte, un recurso de apelación cuando el mismo no se ha perfeccionado de acuerdo con las disposiciones estatutarias y reglamentarias aplicables. Hemos establecido que el Tribunal de Circuito de Apelaciones está obligado a atender los recursos de apelación que se presenten ante ese foro, salvo los casos en que carezca de jurisdicción o que exista craso incumplimiento con las disposiciones estatutarias o reglamentarias aplicables al perfeccionamiento de la presentación del recurso.[48]**

**¿Constituye el informe del Examinador de Pensiones Alimenticias un documento cuya ausencia requiere la desestimación del recurso, por incumplir con un requisito jurisdiccional? Contestamos dicha interrogante en la afirmativa. Veamos.**

**Surge del dictamen emitido por el Tribunal de Primera Instancia, y recurrido ante el Tribunal de Circuito de Apelaciones, que la suma impuesta como pensión alimenticia**

---

[47] _Córdova v. Larín_, res. el 2 de junio de 2000, 2000 T.S.P.R. 79, 151 D.P.R. ___ (2000), 2000 J.T.S. 92; _Codesi, Inc. v. Mun. de Canóvanas_, res. el 24 de marzo de 2000, 2000 T.S.P.R. 48, 150 D.P.R. ___ (2000), 2000 J.T.S. 61; _Mfrs. H. Leasing v. Carib. Tubular Corp._, _supra_.

[48] _Feliberty v. Soc. de Gananciales_, 147 D.P.R. 834 (1999).

al aquí peticionario se determinó considerando el contenido del referido informe.  En ese documento se encuentran vertidos los hechos y fundamentos que dan base al aumento de la pensión.  En el recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones se arguye, para atacar la sentencia emitida por el foro de primera instancia, que la pensión alimenticia es excesiva.  Por lo tanto, para que el Tribunal de Circuito de Apelaciones estuviera en posición de examinar la razonabilidad de la pensión impuesta tenía que conocer los hechos y fundamentos formulados en el mencionado informe, los cuales fueron utilizados por el Tribunal de Primera Instancia al emitir el dictamen recurrido ante ese Tribunal.  No podemos perder de perspectiva, que aunque el referido documento no se notificó a las partes junto con la sentencia, según surge del expediente, las partes tuvieron acceso al mismo y, como cuestión de realidad, podían obtener copia del mismo haciendo la debida petición al tribunal sentenciador.[49]  No hacerlo constituye una falta de diligencia de la parte apelante e impide que el foro apelativo pueda revisar, de manera informada y completa, la sentencia de la cual se recurre, provocando que no se perfeccione la presentación ante el Tribunal de Circuito de Apelaciones del recurso de apelación correctamente, dentro del término jurisdiccional para así hacerlo.

Por lo tanto, es forzoso concluir que el informe del Examinador de Pensiones Alimenticias es un documento necesario e imprescindible para la adjudicación de este caso por el Tribunal de Circuito de Apelaciones.  Sin el beneficio de dicho documento, dicho Tribunal no podía

_____

[49] Como cuestión de realidad, la parte demandante de autos obtuvo copia del referido informe del Oficial Examinador de pensiones alimenticias.

revisar el dictamen recurrido. Por tratarse de un documento que estuvo ante la consideración del foro de primera instancia, y era parte de su expediente, el no incluirlo en el apéndice tiene como consecuencia que el recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones no se perfeccionó adecuadamente dentro del término jurisdiccional dispuesto por ley para ello.

## IV

Por los fundamentos antes expuestos, disentimos de lo actuado por la Mayoría en el presente caso. Confirmaríamos la sentencia dictada por el Tribunal de Circuito de Apelaciones.

Efraín E. Rivera Pérez
Juez Asociado