SENTENCIA
Los hechos del presente caso son los siguientes. Supermercados Econo, Inc. presentó una demanda en cobro de dinero contra los peticionarios, el Sr. Ignacio Veloz Camejo, la Sra. María M. Arroyo Torres y la Sociedad de Bienes Gananciales compuesta por éstos. Los peticionarios, a su vez, presentaron una demanda contra tercero contra Inmobiliaria Econo, Inc. e Inmobiliaria Econo, S.E. El Tribunal de Primera Instancia emitió una sentencia parcial en la que se desestimó la demanda contra tercero. Esta sentencia fue notificada y archivada en autos el 6 de abril de 2004.
Oportunamente, el 12 de abril de 2004 los peticionarios solicitaron una reconsideración. El 6 de mayo de 2004, a los 30 días de haberse notificado la sentencia parcial, el Tribunal de Primera Instancia acogió para estudio la moción de reconsideración de los peticionarios y también una oposición que habían presentado los terceros demandados. Sin embargo, esta resolución fue notificada y archivada en autos el 14 de mayo de 2004, 8 días después de haberse emitido la Resolución y 38 días después de haberse notificado la sentencia parcial.
El 16 de agosto de 2004 el Tribunal de Primera Instancia denegó la moción de reconsideración. Dicha resolución fue notificada y archivada en autos el 30 de septiembre de 2004. Inconforme con la determinación del Tribunal de Primera Instancia, los peticionarios presentaron un recurso *302 de certiorari ante el Tribunal de Apelaciones el 1 de octubre de 2004. Éste sería el último día hábil para presentar su recurso si se toma como punto de partida el día en que se notificó la resolución del Tribunal de Primera Instancia que denegó la solicitud de reconsideración.(1)
El Tribunal de Apelaciones se negó a expedir el auto de certiorari de los peticionarios porque concluyó que el recurso fue presentado fuera del término jurisdiccional.(2) Entendió el tribunal que la moción de reconsideración no había interrumpido el término jurisdiccional, pues aunque el tribunal de instancia acogió la reconsideración de los peticionarios dentro del término dispuesto en las reglas, su decisión se notificó después que éste había transcurrido. Por esta razón, el Tribunal de Apelaciones resolvió que el término para solicitar el certiorari había vencido el 6 de mayo de de 2004, esto es, 30 días después de haberse notificado la sentencia parcial. Sostuvo su decisión en que a partir de Caro v. Cardona, 158 D.P.R. 592 (2003), para interrumpir el término jurisdiccional, se requiere que tanto la decisión del tribunal de instancia que atiende la reconsideración como la notificación de su resolución a esos efectos, ocurran dentro del término que ese tribunal tiene para actuar. La solicitud de reconsideración presentada por los peticionarios fue denegada.(3)
Los peticionarios acuden ante nosotros para señalar que el Tribunal de Apelaciones erró al entender que el recurso se presentó tardíamente y por ello haber denegado su petición de certiorari. En apoyo de esta contención argumentan, en esencia, que los efectos de una decisión judicial no pueden estar supeditados a una gestión oficinesca, como es *303 la notificación de las resoluciones de un tribunal, y que la norma establecida en Caro v. Cardona, supra, no aplica a este caso. Luego de examinar detenidamente el asunto, este Tribunal se encuentra igualmente dividido en cuanto a la solución de la controversia presentada en este caso. Por esta razón, se expide el auto, se confirma el dictamen del Tribunal de Apelaciones y se devuelve el caso al foro de instancia para que se continúe con los procedimientos.
Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Presidente Señor Hernández Denton estuvo conforme con la sentencia emitida por este Tribunal por entender que no se debe revocar la norma que se adoptó hace apenas tres años en Caro v. Cardona, supra. El Juez Asociado Señor Rebollo López emitió una opinión de conformidad. La Jueza Asociada Señora Fiol Matta emitió una opinión disidente, a la cual se unieron el Juez Asociado Señor Rivera Pérez y la Juez Asociada Señora Rodríguez Rodríguez.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Opinión de conformidad emitida por el
Juez Asociado Señor Rebollo López.
En vista del empate surgido y dado el hecho de que en la sentencia que, como consecuencia del referido empate, se emite en el presente caso no se explica, ni expresa, nuestra posición, esto es, el porqué entendemos procedente confirmar la sentencia emitida por el Tribunal de Apelaciones, me veo en la necesidad de explicar, aunque brevemente, mi posición.
No estamos de acuerdo con la posición asumida en la opinión disidente, que suscriben tres integrantes de este Tribunal, por entender que la norma jurisprudencial esta *304 blecida en Caro v. Cardona, 158 D.P.R. 592 (2003), resulta ser más beneficiosa para la profesión que la norma que endosan con su voto estos tres integrantes del Tribunal.(1)
Un simple ejemplo es todo lo que se necesita para poder percatarse de la corrección de lo antes señalado, a saber:
Bajo la norma vigente —establecida en Caro v. Car-dona, ante— al presentarse en tiempo una moción de reconsideración por cualquiera de las partes, el abogado que piensa acudir en alzada —y que, por ende, está obligado a tener su recurso de apelación listo para presentarse a los 30 días de la fecha de notificación y archivo en autos de la sentencia— de ordinario coteja con la Secretaría del tribunal, pasados los diez días de haberse presentado la reconsideración, si hay alguna acción de parte del juez de instancia. Este abogado vuelve a cotejar con Secretaría, el día número 30, si ha habido alguna determinación. De contestársele en la negativa, éste presenta su recurso ese mismo día. Este recurso nunca podrá ser prematuro; ello en vista de que la notificación, fuera del término de treinta días, no surte efecto alguno.
Bajo la norma propuesta en la opinión disidente, aun cuando Secretaría le informe al abogado, el día número 30, que desconoce de determinación alguna de parte del juez sentenciador —por estar todavía el expediente en el despacho de éste— el recurso que se presente ese día puede re *305 sultar prematuro, por razón de que sería válida una notificación de Secretaría, con posterioridad a haber transcurrido dicho término, referente a una determinación de “último momento” tomada por el juez dentro del mencionado término de treinta días.
De todas maneras, e independientemente de los argumentos que se puedan aducir en apoyo de una u otra posición, lo cierto es que la norma propuesta no elimina los problemas, sino que, cuando menos, causa otros.
Si ello es así, procede que nos preguntemos: por qué revocar una norma ya establecida e implantar una norma que causa otros problemas, esto es, que no resuelve la situación en su totalidad? Hacerlo, en nuestro criterio, resulta ser un ejercicio de futilidad.
Siempre he sido del criterio que, únicamente, hay dos formas, o maneras, mediante las cuales se pueden eliminar totalmente los problemas que presenta esta situación —una por la vía legislativa y, la segunda, por la vía judicial— a saber:
1. La Asamblea Legislativa podría enmendar las Reglas de Procedimiento Civil y disponer que la mera presentación de la moción de reconsideración interrumpe automáticamente el término para acudir al foro apelativo; ello al igual que en relación con la moción en solicitud de determinaciones adicionales de hechos y al igual que en el caso de la moción de reconsideración que se presenta respecto a una sentencia emitida por el Tribunal de Apelaciones. Para eliminar la indeseable práctica de prolongar los pleitos, se puede legislar para, específicamente, autorizar a los tribunales para imponer sanciones si estiman que la moción de reconsideración presentada es frívola.
2. Este Tribunal podría revocar la norma jurisprudencial que establece que el tribunal de instancia puede reconsiderar su actuación, respecto a una moción de reconside ración, siempre que no haya transcurrido el término para *306 recurrir en alzada y que no se haya presentado un recurso. Personalmente no favorezco este curso de acción debido a los fundamentos que correctamente se exponen en la opinión disidente.
En resumen, no favorezco la revocación de la norma establecida en Caro v. Cardona, ante, por razón de que hacerlo no ayuda en nada la situación de los abogados en la práctica de la profesión, lo cual deberá ser nuestro norte siempre.

 Mediante la Resolución de 20 de septiembre de 2004 (EM-2004-5), suspendimos el cumplimiento con los términos que estaban transcurriendo para la presentación de recursos que vencían entre el 15 al 30 de septiembre de 2004 debido a los efectos de la tormenta Jeanne.

 El juez Brau Ramírez emitió un voto disidente.

 El juez Brau Ramírez hubiera reconsiderado.

 En Caro v. Cardona, 158 D.P.R. 592 (2003), resolvimos que para que la acción que tome el tribunal de instancia, respecto a una moción de reconsideración, tenga el efecto de interrumpir el término jurisdiccional para recurrir en alzada de una sentencia que éste haya emitido, es necesario no sólo que el tribunal considere la moción antes de que transcurra el término para ir en alzada, o que una de las partes haya recurrido al foro apelativo, sino que esa determinación del tribunal tiene que notificarse antes de que hayan ocurrido esos eventos procesales.
En la opinión disidente que suscriben tres Jueces de este Tribunal se propone, erróneamente a nuestro juicio, que eliminemos el segundo requisito establecido en Caro v. Cardona, ante, esto es, que la notificación no tiene que llevarse a cabo antes de que transcurra el término para ir en alzada o antes de que una de las partes haya recurrido al foro apelativo.