SENTENCIA
Los hechos pertinentes del presente caso no están en controversia. La señora Torres Zayas presentó una demanda contra el Dr. David K. Mehne por impericia médica (el recurrido). El doctor Mehne presentó una demanda contra tercero contra el peticionario, el Sindicato de Aseguradores para la Inscripción Conjunta de Responsabilidad Profesional Médico-Hospitalaria (SIMED), para que le ofreciera representación legal y satisficiera la sentencia que recayera una vez concluido el pleito, como parte del convenio de seguro que existía entre ellos. El 22 de octubre de 2003, luego de que tanto SIMED como el doctor Mehne presentaran mociones de sentencia sumaria, el Tribunal de Primera Instancia emitió una resolución que tituló Sentencia Sumaria Parcial, en la cual le ordenaba a SIMED que *571 proveyera representación legal al doctor Mehne. A pesar de que el Tribunal de Primera Instancia tituló su resolución como Sentencia Sumaria Parcial, ésta no cumplía con los requisitos de la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para que pudiera clasificarse como tal, por lo que su “sentencia” era realmente una resolución interlocutoria.(1) Esta resolución fue notificada y archivada en autos el 31 de octubre de 2003.
Oportunamente, el 17 de noviembre de 2003, SIMED presentó una moción de reconsideración. Ese mismo día, el foro de instancia le ordenó a las otras partes que presentaran sus posiciones sobre la moción de reconsideración. Sin embargo, esta orden fue notificada y archivada en autos el 15 de diciembre de 2003, 14 días después de que transcurrieran los 30 días de haberse emitido la resolución interlocutoria. El 26 de febrero de 2004, el Tribunal de Primera Instancia denegó la moción de reconsideración. La resolución a esos efectos fue notificada y archivada en autos el 2 de marzo de 2004.
Inconforme con la determinación del Tribunal de Primera Instancia, SIMED presentó un recurso de certiorari ante el Tribunal de Apelaciones el 1 de abril de 2004, 30 días después de que se emitiera la resolución en respuesta a su moción de reconsideración. El Tribunal de Apelaciones denegó la petición de certiorari de SIMED, porque concluyó que el recurso fue presentado fuera del término sin que existiera justa causa o circunstancias extraordinarias que justificaran la tardanza.(2) El Tribunal de Apelaciones resolvió que el recurso fue presentado fuera del término por entender que la moción de reconsideración presentada por SIMED no interrumpió el término para recurrir en alzada. Según el tribunal apelativo, aunque el tribunal de instan *572 cia actúo dentro del término dispuesto para ello por la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la notificación de la decisión fuera de ese plazo hizo que el término para recurrir no fuera interrumpido. Por esta razón, el Tribunal de Apelaciones resolvió que el término para que SIMED pudiera recurrir de la resolución en la que se denegaba la reconsideración había vencido el 1 de diciembre de 2003, 30 días después de que fuera emitida.
El Tribunal de Apelaciones se negó a reconsiderar su decisión. SIMED acude ante nosotros para señalar que la apreciación de ese foro sobre la presentación tardía de su recurso fue errónea. En apoyo de esta contención, SIMED argumenta, en esencia, que la Regla 47 de Procedimiento Civil, supra, no aplica a este caso porque se trata de una resolución interlocutoria y, en la alternativa, que si la Regla 47 le aplicara a la reconsideración de resoluciones interlocutorias, SIMED, por los hechos de este caso, no estaría sujeto a la norma establecida en Caro v. Cardona, 158 D.P.R. 592 (2003).
Luego de examinar detenidamente el asunto, este Tribunal ha acordado revocar el dictamen del Tribunal de Apelaciones y devolver el caso al foro de instancia para que continúen los procedimientos.
Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Asociado Señor Rivera Pérez emitió una opinión concurrente. La Jueza Asociada Señora Fiol Matta emitió una opinión concurrente, a la cual se unieron el Juez Asociado Señor Rebollo López y la Juez Asociada Señora Rodríguez Rodríguez. El Juez Presidente Señor Hernández Denton y el Juez Asociado Señor Fuster Berlingeri disintieron sin opinión.

 La Sentencia Sumaria Parcial no contaba con la conclusión expresa de que no existía razón para posponer el dictar sentencia sobre la reclamación hasta la resolución total del pleito. A esta misma conclusión llegó el Tribunal de Apelaciones en su Resolución de 30 de abril de 2004.

 El juez Brau Ramírez emitió un voto disidente.