Versión para imprimir


EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| R&G Mortgage Corporation<br><br>       Recurrido<br><br>              v.<br><br>Beatríz Arroyo Torres, Luis Noel Rivera Vázquez y la Sucesión de Xenya Neka Silva<br><br>       Peticionarios | Certiorari<br><br>2010 TSPR 236<br><br>180 DPR \_\_\_\_ |

Número del Caso: CC-2010-733

Fecha: 30 de diciembre de 2010

Tribunal de Apelaciones:

      Región Judicial de Carolina Panel VIII

Juez Ponente:      Panel integrado por su presidente, el Juez Miranda de Hostos y los Jueces Escribano Medina y Bermúdez Torres

Abogado de la Parte Peticionaria:

      Lcdo. Edwin E. León León

Abogada de la Parte Recurrida:

      Lcda. Mádelin Colón Pérez

Materia: Cobro de Dinero y Ejecución de Hipoteca por la vía Ordinaria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

R&G Mortgage Corporation

    Recurrido

    v.                          CC-2010-733     Certiorari

Beatriz Arroyo Torres, Luis
Noel Rivera Vázquez y la
Sucesión de Xenya Neka Silva

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 30 de diciembre de 2010.

En esta ocasión nos corresponde resolver si un demandante, que publica un edicto para notificarle una sentencia a un codemandado en rebeldía, está obligado a notificar dicha publicación a los demás codemandados en el pleito. Evaluada la controversia, resolvemos en la afirmativa.

I.

En abril de 1997, la Sra. Beatriz Arroyo Torres vendió una propiedad al Sr. Luis Rivera Vázquez (peticionario) y su esposa Xenya Neka Silva. Esa propiedad estaba inscrita como la finca

núm. 13,781 en el Registro de la Propiedad, Sección de Carolina, pero en la escritura de compraventa se expresó incorrectamente que era la finca núm. 13,181. En mayo de 1998 se presentó la escritura de compraventa para su inscripción en el Registro, pero el asiento de inscripción expresaba que era la finca 13,181. Por tal razón, el Registrador no inscribió el título y lo dejó pendiente para calificación.

Posteriormente, el matrimonio Rivera-Neka dejó de pagar la hipoteca de su propiedad la cual estaba constituida a favor de R&G Mortgage Corporation (R&G). Por consiguiente, en abril de 2005 R&G presentó una demanda sobre cobro de dinero y ejecución de hipoteca contra la señora Arroyo Torres pues, aunque el título del matrimonio Rivera-Neka se había presentado para inscripción en el Registro, aún la propiedad constaba a nombre de la señora Arroyo Torres. Esto es, la demanda fue presentada sólo contra Arroyo Torres y no se incluyó como codemandados al señor Rivera Vázquez ni a su esposa Xenya Neka Silva.

Luego de varios incidentes, el Tribunal de Primera Instancia permitió que R&G emplazara a Arroyo Torres mediante edicto porque se desconocía su paradero. En enero de 2006, el foro primario emitió una sentencia en rebeldía contra Arroyo Torres, la condenó a pagar la suma reclamada por R&G y ordenó la ejecución de la hipoteca. Esta sentencia fue notificada a través de edicto. Como parte del trámite de ejecución de sentencia, en septiembre de 2006 se

celebró una subasta que se adjudicó a la compañía "Action Realty". Cuando ésta acudió al Registro a inscribir su título se percató de que la propiedad no estaba inscrita a nombre de la señora Arroyo Torres. En sus investigaciones, "Action Realty" confirmó que finalmente el Registrador había inscrito la propiedad a favor de los esposos Rivera-Neka, quienes nunca fueron incluidos en el pleito que produjo la subasta.

Ante la realidad de que no podría inscribir su título, en octubre de 2006 "Action Realty" solicitó al Tribunal de Primera Instancia que declarara la nulidad de la ejecución de la sentencia debido a que se omitió incluir en el pleito y notificar a los esposos Rivera-Neka. No obstante, dicho tribunal denegó la petición de "Action Realty" y ésta acudió al Tribunal de Apelaciones. El foro apelativo acogió el recurso y ordenó la paralización de los procedimientos en instancia. Finalmente, en marzo de 2007 el Tribunal de Apelaciones revocó la decisión del foro de instancia, por lo que decretó la nulidad de la venta judicial celebrada y devolvió el caso para que el Tribunal de Primera Instancia permitiera que R&G enmendara su demanda e incluyera a los esposos Rivera-Neka.[1] En mayo de 2007, R&G enmendó la demanda para incluir a los esposos Rivera-Neka. En octubre de 2007, el señor Rivera Vázquez presentó su contestación a la demanda enmendada y, además, presentó reconvención. En abril de 2008 nuevamente se

---

[1] Esta fue la determinación del Tribunal de Apelaciones en el caso KLCE-2006-1764.

enmendó la demanda para sustituir a la señora Neka Silva por sus herederos.

Así las cosas, en septiembre de 2008, el Tribunal de Primera Instancia anotó la rebeldía a la Sucesión de la señora Neka Silva, compuesta por sus herederos desconocidos (codemandados). Mediante una sentencia emitida en diciembre de 2008, el foro primario declaró con lugar la demanda de R&G y condenó a la parte demandada pagarle a R&G la suma de $74,005.56 de principal más intereses. La notificación de esta sentencia fue enmendada el 10 de febrero de 2010 para ser publicada mediante edicto, para así notificar a Beatriz Arroyo Torres, quien fuera emplazada mediante edicto.

Inconforme con el dictamen, el 12 de marzo de 2010 el peticionario Rivera Vázquez presentó un recurso ante el Tribunal de Apelaciones.[2] Sin embargo, el 14 de mayo de 2010 dicho tribunal lo desestimó por prematuro debido a que a la fecha de presentación del recurso aún no se había publicado el edicto que notificara la sentencia dictada por el Tribunal de Primera Instancia. Esta determinación fue notificada el 17 de mayo de 2010.

El señor Rivera Vázquez nuevamente presentó su recurso ante el Tribunal de Apelaciones el 8 de junio de 2010, y R&G solicitó su desestimación por falta de jurisdicción. Esto así, debido a que fue presentado fuera del término jurisdiccional de 30 días. Esta vez, el

---

[2] En ese recurso el peticionario intentó revisar la determinación del Tribunal de Primera Instancia al alegar que ésta le negó el debido proceso de ley a la parte demandada. De igual forma, intentó revisar la determinación de dicho tribunal que desestimó la reconvención de la parte demandada.

Tribunal de Apelaciones se declaró sin jurisdicción por entender que el recurso fue presentado tardíamente, pues, según determinó, el término vencía el 4 de junio de 2010.[3] El peticionario solicitó reconsideración de ese dictamen, pero fue denegada.

Inconforme, el señor Rivera Vázquez presentó ante este Tribunal un oportuno recurso de *certiorari* y una moción en auxilio de jurisdicción en la que solicitó la paralización de los efectos del dictamen del Tribunal de Primera Instancia en el que ordenó la venta de la propiedad en pública subasta, pues nunca fue notificado de la publicación de los edictos, sino que se enteró a través de la sentencia del Tribunal de Apelaciones. Visto el recurso, en auxilio de nuestra jurisdicción ordenamos la paralización solicitada y le concedimos a la parte recurrida un término de 20 días para que mostrara causa por la cual no debíamos revocar la sentencia emitida por el Tribunal de Apelaciones en el presente caso. La recurrida, R&G, presentó su escrito en cumplimento de nuestra orden, y así, con el caso debidamente perfeccionado, procedemos a expedir y resolver el recurso.

II.

En síntesis, el peticionario nos plantea dos interrogantes: ¿Qué ocurre cuando la parte beneficiada por una sentencia no le notifica a la parte perjudicada, cuya identidad es conocida, de la publicación de unos edictos

---

[3] El Tribunal de Apelaciones expuso que el término para recurrir ante ese foro comenzó a transcurrir a partir de la fecha de publicación del último edicto, esto es el 4 de mayo de 2010.

necesarios para notificar a otras partes en el mismo pleito y que se encuentran en rebeldía? ¿Cómo ha de enterarse esta última de la fecha en que comienza a transcurrir el término de 30 días para presentar su recurso ante el Tribunal de Apelaciones?

Como es sabido, la Regla 4.5 de Procedimiento Civil de 1979,[4] permite que el Tribunal de Primera Instancia autorice a un demandante a emplazar mediante edicto a un demandado. Dicha regla establece los formalismos requeridos en la consecución de dicho edicto y señala que dentro de los 10 días siguientes de su publicación "se le dirija al demandado una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo…". Así, el demandante no sólo está obligado a publicar el edicto, sino que también está obligado a enviarle al demandado copia del emplazamiento y de la demanda presentada.

Ahora bien, en el transcurso de un pleito la parte demandada por edicto, por las razones que específicamente disponen las Reglas de Procedimiento Civil, puede ser declarada en rebeldía.[5] En consecuencia, un tribunal puede emitir una sentencia que afecte los derechos o intereses de la parte que ha sido declarada en rebeldía. Ante ello, la

---

[4] 32 L.P.R.A. Ap. III. Vale mencionar que hacemos referencia a las anteriores Reglas de Procedimiento Civil, pues eran las vigentes al momento de los incidentes de este caso.

[5] Véanse, Regla 45 de Procedimiento Civil de 1979 y de 2009, 32 L.P.R.A. Ap. III y 32 L.P.R.A. Ap. V, respectivamente.

Regla 65.3 (b) de Procedimiento Civil de 1979,[6] dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes que están en rebeldía. Específicamente, esta regla señala que:

> El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad fuere conocida, copia de la notificación a la última dirección conocida, y, si su identidad fuere desconocida o figurare con un nombre ficticio a los fines de la tramitación del pleito, publicando una copia de la notificación en un periódico de circulación general una vez por semana durante dos semanas consecutivas. La notificación se considerará hecha en la fecha de la última publicación.[7]

Debido a que en dicha regla existía una laguna respecto al asunto de cómo notificar la sentencia recaída en un pleito en el que una parte fue emplazada por edictos conforme a la Regla 4.5 de Procedimiento Civil,[8] resolvimos en _Falcón Padilla v. Maldonado Quirós_, 138 D.P.R. 983, 993 (1995) que,

> cuando una parte haya sido emplazada por edictos a tenor con la Regla 4.5 de Procedimiento Civil, _supra_, por razón de que no pudo ser localizada en su última dirección conocida y se desconoce su paradero, dicha parte deberá ser notificada de la sentencia recaída en rebeldía por falta de comparecencia mediante la publicación de edictos, es decir, de la misma forma como fue notificada de la demanda en su contra.

Así, se aclaró que la notificación por edicto de una sentencia es aplicable al demandado en rebeldía de

---

[6] 32 L.P.R.A. Ap. III.

[7] Regla 65.3 (b) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III.

[8] 32 L.P.R.A. Ap. III.

identidad desconocida como al de identidad conocida cuando éste haya sido emplazado por edicto.

Por su parte, en torno al aspecto procesal, la Regla 65.3 (b) señala que el edicto tiene que ser publicado en un periódico de circulación general una vez por semana durante dos semanas consecutivas. Además, para efectos de la notificación ésta se considerará hecha en la última fecha de publicación. Es decir, a partir de la fecha de la segunda publicación es que comienza a correr el término para ir en revisión.

Sin embargo, la referida regla guarda silencio tanto en lo que respecta al término con el que se cuenta para realizar el edicto una vez el tribunal emite sentencia, así como con la obligación y forma, si alguna, de notificar a las partes una vez éste se haya publicado. Así, pues, la laxitud que el demandante pudiera tener para publicar los edictos no sólo evitaría que la sentencia advenga final y firme por un tiempo indeterminado, sino que ocasiona una incertidumbre que pudiera privar a la parte perdidosa de poder revisar el dictamen. De igual forma sucedería si la fecha de la publicación de los edictos no se notifica al tribunal ni a las partes.

Es de notar, que una vez se dicta una sentencia, las Reglas de Procedimiento Civil le imponen a la Secretaría del tribunal la obligación de notificarla lo antes posible a todas las partes, archivar en autos una copia de la constancia de la notificación y, a su vez, notificar dicho

archivo a las partes.[9] A partir de la fecha del referido archivo es que comienza a correr el término para solicitar la revisión del dictamen o para iniciar algún procedimiento posterior a ésta.[10] Por tal razón, es que se reconoce la imperiosidad de una adecuada notificación, porque la falta de ésta incide en el derecho de una parte a cuestionar el dictamen judicial, y así enerva las garantías del debido proceso de ley.[11]

Claramente, "[l]a correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial".[12] Por consiguiente, hemos reconocido que la notificación es parte integral de la actuación judicial, ya que afecta el estado procesal del caso.[13] Por eso, "para que una resolución u orden surta efecto, tiene, no solamente que ser emitida por un tribunal con jurisdicción, sino que también notificada adecuadamente a las partes ya que es a partir de la notificación que comienzan a cursar los términos establecidos".[14] Consecuentemente, "[r]esulta indispensable y crucial que se

---

[9] Véanse, Reglas 46 y 65.3 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, y de 2009, 32 L.P.R.A. Ap. V.

[10] Íd.

[11] Caro v. Cardona, 158 D.P.R. 592, 598 (2003); Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 990 (1995).

[12] J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. II, Cap. X, pág. 1138. Véase además, Caro v. Cardona, *supra*, pág. 599; Falcón Padilla v. Maldonado Quirós, *supra*, pág. 993.

[13] Caro v. Cardona, *supra*, pág. 600.

[14] R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 1701, pág. 193.

notifique adecuadamente de una determinación sujeta a revisión judicial a todas las partes cobijadas por tal derecho".[15]

Como ya hemos expuesto, en la situación particular de la disposición de la Regla 65.3 (b) de Procedimiento Civil de 1979,[16] la notificación se entenderá hecha en la última fecha de publicación de los edictos. Por ende, la pronta publicación de los edictos, así como su respectiva notificación a las partes, son piezas fundamentales del debido proceso de ley.

III.

De manera ilustrativa debemos señalar lo que disponen las nuevas Reglas de Procedimiento Civil de 2009[17] al respecto. La Regla 65.3 (c) de 2009,[18] análoga a la 65.3 (b) de 1979,[19] expresa que:

> En el caso de partes en rebeldía que hayan sido emplazadas por edictos o que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá

---

[15] Cuevas Segarra, op. cit., pág. 1139; Caro v. Cardona, supra, pág. 599.

[16] 32 L.P.R.A. Ap. III.

[17] 32 L.P.R.A. Ap. V.

[18] Íd.

[19] 32 L.P.R.A. Ap. III.

> acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.

La nueva regla dispone que en casos de partes en rebeldía la Secretaría del tribunal expida un aviso de notificación de sentencia por edicto para ser publicado por el demandante. El edicto debe publicarse una sola vez en un periódico de circulación general dentro de los 10 días siguientes a su notificación y, además, le informará al demandado la sentencia dictada y el término para apelar. La disposición anterior elimina la incertidumbre que existe bajo la regla de 1979, la cual no establece término y lo deja a la prudencia de la parte demandante.[20]

Asimismo, la nueva regla dispone que el edicto se publique una sola vez y que los términos comiencen a computarse a partir de la fecha de dicha publicación. Además, ello deberá acreditarse mediante una declaración jurada del administrador o agente autorizado del periódico junto con un ejemplar del edicto publicado. Así, pues, cuando el tribunal notifica su sentencia el demandante tiene que publicar el edicto en los 10 días siguientes a dicha notificación. Una vez éste publica el edicto, tiene la obligación de acreditarlo ante el tribunal que emitió la sentencia conforme a lo dispuesto en la Regla 65.3 de Procedimiento Civil de 2009.[21]

---

[20] Véase, Comentario a la R. 65.3 de 2009, expuesto en el Informe de Reglas de Procedimiento Civil del Comité Asesor Permanente, págs. 752-754.

[21] 32 L.P.R.A. Ap. V.

Es evidente que la nueva regla elimina la incertidumbre que dio paso a la controversia del caso de autos, por ende, las situaciones que se susciten al amparo de las nuevas Reglas de Procedimiento Civil no deben confrontar los mismos problemas. Sin embargo, cabe señalar que la nueva Regla 65.3 (c) de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, tampoco menciona si la publicación tiene que acreditarse también a las partes.

IV

En el presente caso, el Tribunal de Primera Instancia dictó sentencia contra los demandados, entre los cuales estaba el peticionario y la señora Arroyo Torres, quien estaba en rebeldía. Posteriormente, la notificación de dicha sentencia fue enmendada el 10 de febrero de 2010 para ser publicada por edicto y así notificar a la señora Arroyo Torres, la cual fue emplazada mediante edicto. Conforme a la Regla 65.3 (b) de Procedimiento Civil de 1979,[22] el edicto tenía que publicarse una vez por semana por dos semanas consecutivas. De esa forma, el término de los codemandados para ir en revisión ante el Tribunal de Apelaciones comenzaría a correr a partir de la última publicación del edicto.

Ahora bien, los edictos gestionados por R&G fueron publicados los días 27 de abril de 2010 y 4 de mayo de 2010, es decir, <u>76 y 83 días después de la notificación de la sentencia</u>, respectivamente. Además, de un examen

_____

[22] Íd.

minucioso de los autos del caso no surge que R&G hubiera notificado ni al Tribunal de Primera Instancia ni al peticionario Rivera Vázquez acerca de la publicación de los mencionados edictos.[23] En los autos del caso tampoco surge una moción dirigida al Tribunal de Primera Instancia mediante la cual R&G le acredite que en efecto hizo la notificación de la sentencia a través de edictos; sólo hallamos copias de la declaración jurada y de la petición de desestimación ante el Tribunal de Apelaciones.

Como consecuencia de lo anterior, cuando el peticionario acudió en revisión al Tribunal de Apelaciones el 12 de marzo de 2010, dicho foro desestimó el recurso por prematuro. Luego, cuando nuevamente acude en revisión el 8 de junio de 2010, el Tribunal de Apelaciones desestimó el recurso por tardío. En ese último dictamen el foro apelativo intermedio señaló que la última publicación del edicto fue realizada el 4 de mayo de 2010, por lo que el término jurisdiccional de 30 días vencía el 4 de junio de ese mismo año.

R&G alega que la Regla 65.3 (b) de Procedimiento Civil de 1979[24] no impone un término para realizar la publicación de los edictos. Asimismo, señala que la omisión

---

[23] La única referencia que tenemos sobre la publicación de esos edictos se encuentra en una declaración jurada incluida en el apéndice del recurso a la pág. 158. La copia de la declaración jurada aparece ponchada como recibida en Radicaciones de San Juan el 14 de junio de 2010, sin embargo, el caso se dilucidó en el Tribunal de Primera Instancia Sala Superior de Carolina. Según podemos constatar tal parece que ésta se incluyó como anejo a una solicitud de desestimación presentada por R&G ante el Tribunal de Apelaciones, pero no lo podemos plantear de forma concluyente.

[24] 32 L.P.R.A. Ap. III.

de no publicar prontamente la notificación de la sentencia por edicto benefició al peticionario porque le brindó más tiempo para preparar su escrito apelativo. Además, sostiene que al señalarle las fechas de la futura publicación de los edictos en la moción de desestimación que presentó ante el Tribunal de Apelaciones, el peticionario conoció la que sería la última fecha de publicación. De esa forma debió presentar su recurso a tiempo ante dicho foro apelativo. No le asiste la razón al recurrido.

En primer lugar, aunque es cierto que la Regla 65.3 (b) de Procedimiento Civil de 1979[25] no establece un término para publicar los edictos, entendemos que el proceso de publicación tiene que estar fundamentado en la prudencia. El que no exista un término establecido no significa que el demandante pueda controlar el tiempo, la finalidad del caso o mucho menos el derecho a revisión que tienen las partes. Incluso, cónsono con lo antes dispuesto, en la nueva Regla 65.3 (c) la Asamblea Legislativa estableció un término de 10 días que elimina la laxitud de la regla anterior. Así, al analizar los hechos presentes en el caso de autos, no existen razones justificadas para la publicación tardía de los edictos. Por tal razón, entendemos que la actuación del demandante de publicar los edictos 76 y 83 días después de la notificación de la sentencia no estuvo enmarcada en la prudencia. Tal actuación vulneró el debido proceso de ley del peticionario.

---

[25] Íd.

En segundo lugar, es importante aclarar que aunque la referida regla tampoco dispone que se notifique a las partes acerca de la publicación de los edictos, entendemos que como parte del debido proceso de ley, ésta debe realizarse. En la situación particular aquí trabada, existen varios codemandados entre los cuales hay uno en rebeldía. Claro está, aquellos que no están en rebeldía podrían beneficiarse de términos más amplios ya que conforme a la Regla 65.3 (b) de Procedimiento Civil de 1979[26] éstos tienen que esperar que se publiquen los edictos.

Sin embargo, eso conlleva que el demandante tenga la obligación de notificar a los demás codemandados de la publicación de los edictos. Si el tribunal y las partes no se enteran de que la publicación se realizó se crea un ambiente de incertidumbre que perjudica el proceso y la estabilidad judicial. Como ya hemos sostenido, no podemos dejar en las manos de una parte todo el control del proceso. **Así, en casos en los cuales hay múltiples codemandados y sólo uno o algunos de ellos se encuentran en rebeldía, y estos a su vez son notificados de la sentencia mediante edictos, el demandante está obligado a notificar al tribunal y a los demás codemandados de la publicación de éstos. Además, éstos tienen que ser notificados de la publicación del edicto simultáneamente, es decir, el mismo día en que éste sea publicado.** De esta forma, protegemos el

---

[26] Íd.

debido proceso de ley de las partes y preservamos su derecho de poder ir oportunamente en revisión a un tribunal de mayor jerarquía.

Cónsono con lo anterior, entendemos que R&G tenía que notificarle al tribunal y al peticionario la publicación de los edictos. El argumento de R&G de que el peticionario debió conocer las fechas porque éstas obraban en su escrito de desestimación ante el Tribunal de Apelaciones no nos convence. La notificación adecuada de una parte es aquella que se dirige específicamente a la parte o a su representación legal. No entendemos prudente que las partes tengan que enterarse a través de terceros o tardíamente de la publicación de los edictos, o sea, desconociendo así la fecha en que comienzan a correr los términos apelativos. Por consiguiente, conforme a lo expuesto, entendemos que R&G estaba obligado a notificarle al peticionario Rivera Vázquez de la publicación del edicto correspondiente.

V

Por todo lo anterior, expedimos el recurso y revocamos la sentencia del Tribunal de Apelaciones. Además, le ordenamos a la parte recurrida, R&G Mortgage Corporation, que vuelva a notificar mediante edicto la notificación de la sentencia emitida por el Tribunal de Primera Instancia dentro de 10 días a partir de la notificación de esta sentencia. El proceso tendrá que ser realizado conforme a las Reglas de Procedimiento Civil de

2009[27] y, además, tendrá que notificarse a las demás partes conforme a lo expuesto en esta opinión.

Se dictará sentencia de conformidad.


                          Erick V. Kolthoff Caraballo
                               Juez Asociado

---

[27] Íd.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

R&G Mortgage Corporation

    Recurrido

    v.                                    CC-2010-733      Certiorari

Beatriz Arroyo Torres, Luis
Noel Rivera Vázquez y la
Sucesión de Xenya Neka Silva

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 30 de diciembre de 2010.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el recurso y se revoca la sentencia del Tribunal de Apelaciones. Además, se le ordena a la parte recurrida, R&G Mortgage Corporation, que vuelva a notificar mediante edicto la notificación de la sentencia emitida por el Tribunal de Primera Instancia dentro de 10 días a partir de la notificación de esta sentencia. El proceso tendrá que ser realizado conforme a las Reglas de Procedimiento Civil de 2009 y, además, tendrá que notificarse a las demás partes conforme a lo expuesto en esta opinión.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton concurre con el resultado por entender que, en las circunstancias particulares de este caso, se alcanza la decisión más justa. No obstante, entiende que la controversia de autos debió resolverse mediante una Sentencia. Las Reglas de Procedimiento Civil aplicables al caso de autos son las del 1979 que ya no están en vigor. La Juez Asociada señora Rodríguez Rodríguez se une a las expresiones del Juez Presidente señor Hernández Denton. El Juez Asociado señor Rivera García no interviene.

                            Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo