Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| HÉCTOR GONZÁLEZ ROSARIO<br><br>Apelante<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO; ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelado | KLRA202300430[1] | Revisión Judicial acogida como Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Petición/Revisión Portación sobre Ley de Armas<br><br>Caso Núm.: SJ2023CV05546 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

El apelante, Héctor González Rosario, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de San Juan, el 6 de julio de 2023. Mediante la misma, el foro primario ordenó la desestimación y archivo del caso por falta de jurisdicción. Todo, dentro de una acción sobre revisión de una determinación administrativa, a través de la cual, la parte apelada, Negociado de la Policía de Puerto Rico; Estado Libre Asociado de Puerto Rico, revocó la licencia de portación de armas número 2732.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen emitido.

---

[1] Este recurso se presentó como una revisión administrativa. Sin embargo, por recurrir de una *Sentencia* emitida por el Tribunal de Primera Instancia, fue acogido como un recurso de apelación, mediante *Resolución* del 18 de agosto de 2023.

Número Identificador

SEN2023_____

**I**

El 8 de junio de 2023, el apelante presentó ante el Tribunal de Primera Instancia, un escrito intitulado *Petición*. En su solicitud, peticionó la revisión de la determinación emitida por el Negociado de la Policía de Puerto Rico, (en adelante, "NPPR"). En el pliego, expuso que el 27 de abril de 2023[2] recibió un comunicado del NPPR, por medio del cual se le revocó su licencia de armas número 2732, Tiro al Blanco 6589 y Portación Tribunal CPA2010-0021. El NPPR fundamentó la revocación por falsedad, a tenor con el artículo 2.02, incisos (a) (2) y (d) (8) de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, 25 LPRA sec. 462a.

En su petición planteó que el pronunciamiento del NPPR no cumplió con los requisitos de una notificación adecuada. Particularmente sostuvo, que el NPPR se limitó a revocar su licencia de armas, sin exponer en detalle las razones por las cuales se fundamentó la determinación. Así pues, solicitó al foro de origen que ordenara al NPPR cumplir con el debido proceso de ley en lo atinente a una notificación adecuada, y que se expidiera nuevamente su licencia de armas.

El 22 de junio de 2023, el NPPR, presentó una *Moción de Desestimación*. En su petitorio, solicitó la desestimación de la acción entablada, al amparo de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5). Basó su solicitud en que la causa de acción dejaba de exponer una reclamación que justifique la concesión de un remedio, dado que, el apelante está inhabilitado para poseer una licencia de armas. Ello, según adujo, por el apelante no cumplir con los requisitos dispuestos en la Ley de Armas de Puerto Rico de 2020, *supra* y la legislación Federal Gun Control Act of 1968, 18 USC, sec. 922 (g) (3).

---

[2] Según obra en el expediente de autos, el referido comunicado tiene fecha de emisión del 12 de abril de 2023. Véase Apéndice 4, página 23.

Respecto a la normativa local, alegó que la licencia de armas del apelante fue revocada por la información que se obtuvo a través de una investigación efectuada por la División de Investigaciones de Licencias y Permisos de Armas de Fuego. Sobre el particular mencionó, que el apelante proveyó información falsa a la policía, en cuanto a su tenencia de una licencia de cannabis medicinal. Ello, en contravención del artículo 2.02, inciso (d) (8) de la Ley de Armas de Puerto Rico de 2020, *supra*. En lo que se refiere a la legislación federal, argumentó, que dicha normativa prohíbe la tenencia simultánea de una licencia de cannabis medicinal y de armas, dado que, el cannabis es una sustancia controlada ilegal para efectos de sus estatutos. Así pues, solicitó al foro primario la desestimación de la causa de acción, dado que el incumplimiento con los referidos requisitos legales constituía una revocación automática de la licencia de armas, lo cual dejaba al apelante desprovisto de una reclamación que justificara la concesión de un remedio.

El 30 de junio de 2023, el apelante presentó *Replica a Moción de Desestimación y en Cumplimiento de Orden.* En esencia, argumentó que la investigación a la que hizo referencia el NPPR fue realizada en el año 2012, y ello, no fue óbice para renovar su licencia de armas en la fecha del 26 de mayo de 2016. A su vez, alegó que el 15 de junio de 2022 su registro como paciente del Programa de Cannabis Medicinal fue inactivado. Además, agregó que, contrario a la aducido por el NPPR, no es un delito federal poseer a la misma vez una licencia de cannabis medicinal y una licencia de armas. Cónsono con lo anterior, arguyó que el tener una licencia de cannabis medicinal no necesariamente implicaba que fuera usuario de sustancias controladas.

De otra parte, expresó que a pesar de que el NPPR le notificó una revocación de licencia de armas, en realidad su caso versaba sobre una denegatoria de licencia de armas. Siendo así, alegó que

no era de aplicación el artículo 7.06 de la Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 467e, dado que, solo en los asuntos de revocación de una licencia de armas aplicaban, de forma supletoria, las disposiciones de la revisión judicial de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9672. Así, arguyó que, por procurar la revisión de una denegatoria de licencia de armas, le era de aplicación el artículo 2.02 (d) (4) de la Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 462a. Por ello, alegó que la revisión de la determinación administrativa le correspondía al Tribunal de Primera Instancia y no al Tribunal de Apelaciones.

En su pliego, agregó que no recibió una notificación adecuada del NPPR, puesto que de la comunicación que le envío el NPPR no se desprendían los fundamentos que sustentaran la determinación de la alegada denegatoria de renovación de la licencia de armas.

Luego de varias incidencias procesales que no son necesarias de pormenorizar, el 6 de julio de 2023, el Tribunal de Primera Instancia, notificó la *Sentencia* que nos ocupa. Mediante la misma, desestimó el caso de epígrafe por falta de jurisdicción. Ello, bajo el fundamento de que, al tratarse el asunto en cuestión de una revocación de licencia de armas, la revisión de la determinación administrativa le correspondía al Tribunal de Apelaciones, a tenor con las disposiciones sobre revisión judicial de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, *supra.*

En su dictamen, el foro primario, también concluyó que la comunicación del 12 de abril de 2023 no incluyó las advertencias necesarias y requeridas por el debido proceso de ley, para que dicha notificación pudiera considerarse una determinación final, por lo cual, el NPPR aún conservaba la jurisdicción del asunto en controversia.

Inconforme y luego de examinada una oportuna solicitud de reconsideración, el Juzgador denegó el petitorio mediante una notificación del 24 de julio de 2023. Aún en desacuerdo, el 16 de agosto de 2023, el apelante acudió ante nos mediante el recurso de *certiorari* que nos ocupa. En su recurso formuló los siguientes señalamientos de error:

**PRIMERO**: ERRÓ EL TRIBUNAL AL RESOLVER "QUE CONTRARIO A LO SUGERIDO POR LA PARTE RECURRENTE, LA AUSENCIA DE REGLAMENTACIÓN ESPECÍFICA POR PARTE DEL NPPR TRAS LA APROBACIÓN DE LA LEY DE ARMAS DE 2020 EN CUANTO AL PROCEDIMIENTO A SEGUIR EN CASO DE UNA REVOCACIÓN DE UNA LICENCIA DE ARMAS NO IMPLICA QUE ESTAS DISPOSICIONES DE LA LPAU Y SU JURISPRUDENCIA INTERPRETATIVA SEAN INAPLICABLES. TODO LO CONTRARIO, PUES LA PROPIA LEY DE ARMAS Y EL REGLAMENTO NÚM. 9172 REQUIEREN EXPRESAMENTE QUE EL PROCESO SE RIJA POR TALES DISPOSICIONES PROCEDIMENTALES DE LA PROPIA LPAU", LA PARTE RECURRENTE NO PLANTEÓ LO ANTERIOR, LO QUE SOSTUVO ES QUE EL NPPR NO CUMPLIÓ CON LO MANDATADO POR LA LEY 168-2019 Y POR LA MISMA LPAU; LEY 38-2017 Y QUE POR TANTO NO ES POSIBLE LA UTILIZACIÓN DE LA LPAU EN FORMA SUPLETORIA.

**SEGUNDO**: ERRÓ EL TRIBUNAL AL DECLINAR JURISDICCIÓN SOBRE EL CASO CUANDO ES EL MISMO TRIBUNAL QUE DESTACA QUE "NO OBSTANTE, E INDEPENDIENTEMENTE DE LA TANGENCIA DE ESA DISPOSICIÓN REGLAMENTARIA EN LA ACTUALIDAD, RESALTAMOS UNA VEZ MÁS QUE LA LEY DE ARMAS DE 2020 TAMPOCO DISPUSO NINGÚN PROCEDIMIENTO ESPECIAL DE REVISIÓN ADMINISTRATIVA Y JUDICIAL PARA LAS REVOCACIONES DE LICENCIAS DE ARMAS."

**TERCERO:** ERRÓ EL TRIBUNAL EN CONCLUIR QUE "FINALMENTE, SOMOS DEL CRITERIO QUE EL NPPR AUN TIENE JURISDICCIÓN SOBRE LA REVOCACIÓN DE LICENCIA DE ARMAS EN CONTROVERSIA, DEBIDO A QUE LA COMUNICACIÓN DEL 12 DE ABRIL DE 2023 NO INCLUYÓ LAS ADVERTENCIAS NCESARIAS Y REQUERIDAS POR EL DEBIDO PROCESO DE LEY PARA QUE LA MISMA PUEDA CONSIDERARSE COMO UNA DETERMINACIÓN FINAL Y NO LE ORDENASE AL NPPR CUMPLIR EMITIENDO UNA NOTIFICACIÓN ADECUADA EN LEY."

**CUARTO**: ERRÓ EL TRIBUNAL EN NO CONSIDERAR LA SECCIÓN 4.3 DE LA LPAU EN VISTA DE LAS DEFICIENCIAS INSALVABLES DE DEBIDO PROCESO DE LEY [sic] EXISTENTES; AGOTAMIENTO DE

REMEDIOS ADMINISTRATIVOS; RELEVO. (3 LPRA sec. 9673).

Luego de evaluar el expediente de autos, el cual incluye la comparecencia de la parte apelada, procedemos a expresarnos a tenor con la norma aplicable.

**II**

**A**

El debido proceso de ley, en su vertiente procesal, se extiende al ejercicio de las facultades adjudicativas delegadas a la agencia, esto por su intervención directa con intereses de estirpe constitucional. *PVH Motor, LLC v. ASG,* 209 DPR 122, 130-131 (2022); *Almonte et al. v. Brito,* 156 DPR 475, 481 (2002). La *adjudicación* constituye el procedimiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que corresponden a una parte. Sección 1.6 (b), Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9603 (b). Nuestro estado de derecho es enfático al reconocer que el derecho a cuestionar una determinación emitida por una agencia, ello mediante el correspondiente recurso de revisión judicial, forma parte del debido proceso de ley. *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 35 (2000).

Ahora bien, para que el pronunciamiento de que trate surta efecto, no sólo debe ser emitido por un foro con jurisdicción, sino que tiene que ser adecuadamente notificado a las partes, para que, entre otras prerrogativas, estas puedan tomar las acciones ulteriores que estimen convenientes a su causa. *Caro v. Cardona,* 158 DPR 592, 599 (2003). Al respecto, sabido es que la falta de una *notificación adecuada* incide sobre el derecho de una parte adversamente afectada por determinado pronunciamiento a impugnar sus términos, todo en contravención al debido proceso de ley. *R&G Mortgage v. Arroyo Torres y otros,* 180 DPR 511, 520

(2010). La correcta y oportuna notificación de las órdenes, resoluciones y sentencias, constituye un requisito *sine qua non* para un sistema judicial ordenado, puesto que afecta el estado procesal del caso que se atiende. *R&G Mortgage v. Arroyo Torres y otros,* supra*,* pág. 520.

De este modo, y en el escenario en el que nos expresamos, los derechos y obligaciones resueltos mediante un pronunciamiento administrativo, no son oponibles cuando el mismo no les ha sido notificado a las partes en la forma y manera que lo exige la ley. *Cotto v. Depto. de Educación,* 138 DPR 658, 665 (1995). Por ello, ante la notificación defectuosa de una resolución u orden, los términos que de ella dimanan no comienzan a decursar. *Caro v. Cardona,* supra, págs. 599, 600.

Cónsono con lo anterior, la sección 3.14 de la Ley 38-2017, *supra,* incorpora los criterios que imprimen validez y oponibilidad a una orden o resolución administrativa final. A tal efecto dispone como sigue:

.     .     .     .     .     .     .     .

> La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
>
> La orden o resolución advertirá el derecho de solicitar reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.
> .     .     .     .     .     .     .

3 LPRA sec. 9654.

Por otra parte, las resoluciones y órdenes de una agencia administrativa serán revisables ante este Tribunal cuando se cumplan con los siguientes criterios: (1) que la resolución que se

pretenda revisar sea final y no interlocutoria; y (2) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia. *Pérez López v. Depto. Corrección,* 208 DPR 656, 672 (2022).

**B**

Los procedimientos relacionados a la obtención de una licencia de armas son regulados vía legislación especial. A tono con ello, la Ley de Armas de Puerto Rico de 2020, *supra,* incluye entre sus secciones, disposiciones relacionadas a la expedición, denegación y revocación de una licencia de armas. En lo pertinente a la revocación, esta podrá efectuarse luego de que se realice la investigación correspondiente. Ley de Armas de Puerto Rico de 2020, *supra,* 25 LPRA § 462a. Así pues, para que la revocación proceda, de dicha investigación debe surgir, entre otras, evidencia del que el investigado ha brindado a sabiendas información falsa o incumple con los requisitos establecidos en la Ley de Armas de Puerto Rico de 2020, *supra.*

Las determinaciones que emita una agencia en cuanto a la revocación de una licencia de armas son revisables ante el tribunal. Para que la referida revisión judicial cumpla a cabalidad con los criterios legales establecidos, la Ley de Armas de Puerto Rico de 2020, *supra,* nos remite a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *supra.* Ello, a la luz del artículo siguiente:

> Salvo que otra cosa se disponga expresamente, todas las determinaciones que tengan que realizarse en virtud de esta Ley se regirán por las disposiciones de vistas informales, adjudicaciones y reconsideraciones establecidas en la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico".

> 25 LPRA sec. 467e.

Así pues, a las determinaciones administrativas de revocación de licencias de armas le son de aplicabilidad los siguientes términos

y remedios provistos por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *supra*, para la revisión judicial:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
>
> 3 LPRA § 9672; *ACT v. Prosol et als.,* 210 DPR 897, 908 (2022).

**III**

En síntesis, el apelante plantea, que en el caso de autos no son de aplicación supletoria las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *supra.* También sostiene, que incidió el foro primario al desestimar el caso de epígrafe por falta de jurisdicción, al determinar que el dictamen de la agencia no era final por no cumplir con las disposiciones requeridas para salvaguardar el debido proceso de ley. Asimismo, indicó que erró el tribunal de origen al no considerar las excepciones relacionadas al agotamiento de remedios administrativos.

Luego de un examen detallado del expediente que obra ante nuestra consideración, determinamos que al apelante no le asiste la razón. Veamos.

Según se desprende de la notificación en controversia, el NPPR informó al apelante sobre la revocación de su licencia de armas. Por tanto, tal cual fue esbozado en la normativa que antecede, al caso de epígrafe le son de aplicabilidad las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,

*supra*, atinentes a los procesos adjudicativos. En ese sentido, la notificación en cuestión debía contener los términos y remedios provistos para la revisión judicial, según dispuestos en dicha legislación. Así pues, para que la notificación al apelante fuera adecuada, el NPPR tenía que apercibirle de su derecho a presentar reconsideración dentro de los veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden. De igual modo, el NPPR debió informar al apelante de su derecho a presentar una solicitud de revisión ante este Foro, dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, o a partir del término dispuesto para los casos en que se haya presentado una oportuna moción de reconsideración.

De la notificación en cuestión surge, que el NPPR erróneamente informó al apelante que el foro con jurisdicción para atender sus planteamientos en revisión era el "Tribunal Municipal", y no el Tribunal de Apelaciones, lo cual es contrario al procedimiento de revisión judicial aplicable. Además, la referida notificación no cumple con los requisitos necesarios para considerarse una determinación final, puesto que no incluyó determinaciones de hechos y conclusiones de derecho que fundamenten la adjudicación, toda vez que, el NPPR solo le avisó al apelante la revocación de su licencia de armas, sin incluir fundamentos que sustentaran tal determinación. Ante ello, concluimos que el pronunciamiento emitido por el NPPR es una determinación que carece de finalidad.

Consecuentemente, una vez la notificación cumpla a cabalidad con las exigencias en ley y los requisitos del debido proceso de ley en su vertiente procesal, la jurisdicción para revisar la determinación final de la agencia administrativa será de este Tribunal.

Por consiguiente, el Tribunal de Primera Instancia actuó correctamente al desestimar el caso de epígrafe por falta de jurisdicción, toda vez que, una revocación de licencia de armas no es una determinación administrativa para la cual se le haya otorgado la facultad legal de revisar.

**IV**

Por los fundamentos esbozados, confirmamos el dictamen recurrido.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones