Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ASTRID VIERA APONTE Y OTROS<br><br>Recurrida<br><br>v.<br><br>IGLESIA CRISTIANA PENTECOSTAL LA GRAN COSECHA, MOVIIMIENTO INTERNACIONAL, INC. Y OTROS<br><br>Peticionaria | KLCE202500381 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Daños por Vicios de Construcción y otros<br><br>Caso Núm. CG2019CV03883 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

La parte peticionaria, Sucesión de Samuel Montañez Díaz, comparece ante nos solicitando que se revoque la determinación emitida el 18 de marzo de 2025 y notificada el 21 de marzo de 2025, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante el referido dictamen el foro primario, entre otros asuntos, declaró *No Ha Lugar* una solicitud de sentencia sumaria promovida por la parte peticionaria. Lo anterior, dentro de una acción de daños y perjuicios incoada por la parte recurrida, Astrid Viera Aponte y otros.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

El 14 de octubre de 2019 la parte recurrida presentó la demanda de epígrafe, solicitando daños y perjuicios por sufrimientos y angustias mentales causados por un deslizamiento de terreno aledaños a su propiedad. En el pliego se incluyó como codemandado al señor Samuel Montañez Díaz, por haber sido el

Número Identificador

RES2024 _____

ingeniero a cargo de la construcción inicial y de las obras realizadas en la Iglesia La Gran Cosecha Inc.[1]

Una vez trabada la controversia, y tras acontecidas múltiples incidencias no pertinentes al asunto que nos ocupa, las partes presentaron solicitudes de sentencia sumaria.

En específico, el 2 de enero de 2025, los codemandados, Universal Insurance Company y la Iglesia Cristiana Pentecostal, presentaron una *Moción de Sentencia Sumaria.*[2] En reacción, el 30 de enero de 2025, la parte recurrida presentó *Oposición a Solicitud de Sentencia Sumaria.*[3]

Por su parte, el 5 de febrero de 2025, la parte recurrida presentó una *Solicitud sobre Sentencia Sumaria.*[4] En respuesta, el 25 de febrero de 2025, la parte peticionaria presentó un escrito intitulado *Oposición a Moción de Sentencia Sumaria y Solicitud para que se dicte Sentencia Sumaria a favor de la Parte Demandada.*[5] Del mismo modo, los codemandados, Universal Insurance Company y la Iglesia Cristiana Pentecostal, también presentaron, el 26 de febrero de 2025, su *Oposición a "Solicitud Sobre Sentencia Sumaria" y en Solicitud de Sentencia Sumaria a Favor de la Parte Demandada.*[6]

Evaluadas todas las solicitudes de sentencias sumarias presentadas, así como sus oposiciones, el foro primario emitió la *Resolución* recurrida, la cual fue notificada el 21 de marzo de 2025.[7] Mediante el referido dictamen, la Juzgadora declaró *No Ha Lugar* las solicitudes de sentencias sumarias incoadas.

En desacuerdo, el 7 de abril de 2025 los codemandados, Universal Insurance Company y la Iglesia Cristiana Pentecostal, presentaron al foro primario una oportuna *Moción de*

---

[1] Véase: Petición de *Certiorari*, pág. 2.
[2] Apéndice del Recurso, pág. 77.
[3] *Íd.*, pág. 240.
[4] *Íd.*, pág. 320.
[5] *Íd.*, pág. 386.
[6] *Íd.*, pág. 412.
[7] *Íd.*, pág. 1

*Reconsideración.*[8] Sin embargo, aún pendiente de adjudicación la referida solicitud de reconsideración, el 11 de abril de 2025, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo, impugna la *Resolución* notificada el 21 de marzo de 2025, por el foro primario.

Ahora bien, surge del Sistema Unificado de Manejo y Administración de Casos que, el 25 de abril de 2025, el foro primario declaró *No Ha Lugar* la *Moción de Reconsideración* presentada por los codemandados Universal y la Iglesia. La referida determinación fue notificada el 29 de abril de 2025.[9]

Procedemos a expresarnos de conformidad con el trámite procesal del recurso de autos.

**II**

**A**

La moción de reconsideración constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a una mayor evaluación. *Caro v. Cardona,* 158 DPR 592, 597 (2003). De este modo, los foros judiciales tienen la facultad de reconsiderar sus dictámenes, siempre que ostenten jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

A tenor con la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una *orden* o *resolución* emitida por el Tribunal de Primera Instancia puede servirse del término de quince (15) días desde la fecha de notificación de la misma, para solicitar su correspondiente

---

[8] *Íd.,* pág. 436
[9] SUMAC, entrada núm. 277.

reconsideración, mediante moción a tal fin. El referido plazo es uno de cumplimiento estricto. Ahora bien, en cuanto a la implicación procesal de una oportuna moción de reconsideración el referido estatuto dispone como sigue:

[...]

Una vez presentada la moción de reconsideración, **quedarán interrumpidos los términos para recurrir en alzada para todas las partes.** Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

[...].

32 LPRA Ap. V, R. 47. (Énfasis nuestro).

**B**

Por su parte, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Mun. Río Grande v. Adquisición Finca 27.661,* 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___ (2024); *Miranda Corrada v. DDEC et al.,* 211 DPR 738-745 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Mun. Río Grande v. Adquisición Finca 27.661,* supra; *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200

DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Freire Ruiz et al. v. Morales, Hernández,* supra; *Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 299 (2022). Un recurso en alzada que se presenta antes de tiempo no produce efecto jurídico alguno, puesto que no existe autoridad judicial para acogerlo. *Íd.*

### III

La parte peticionaria recurre de una *Resolución* notificada el 21 de marzo de 2025. Respecto a la misma, oportunamente se presentó una solicitud de reconsideración el 7 de abril de 2025, la cual, ciertamente tuvo un efecto interruptor sobre los procedimientos legales. Sin embargo, no es hasta el 29 de abril de 2025 que el foro primario adjudicó la referida solicitud, declarando la misma *No Ha Lugar*.

No empece a lo anterior, y, conforme surge del recurso presentado el 11 de abril de 2025, la parte peticionaria presentó el auto que nos ocupa. Ciertamente, toda vez que, a dicha fecha, el foro primario no había atendido la reconsideración, la comparecencia de la parte peticionaria ante nos ha constituido un llamado anticipado al ejercicio de nuestras funciones revisoras. Por lo cual, el recurso de *certiorari* de epígrafe es uno prematuro,

condición que nos imposibilita entender sobre sus méritos. De este modo, únicamente podemos desestimarlo por falta de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones