Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>*Apelado*<br><br>v.<br><br>LA SUC. DE JAIME FERRER ORTIZ, COMPUESTA POR SU VIUDA, **NYDIA L. FONTÁNEZ ORTIZ**; SUS HIJOS **JAIME FERRER FONTÁNEZ**, ALBA NYDIA FERRER FONTÁNEZ Y SUS NIETOS SANDRA ANGELIE MEJIAS FERRER, RAYMOND YAMIL MEJIAS FERRER Y MARY DOE, JOHN DOE Y RICHARD DOE, COMO POSIBLES HEREDEROS DESCONOCIDO<br><br>*Apelantes* | TA2025AP00044 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV02579<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparecen ante nos, la señora Nydia L. Fontánez Ortiz (señora Fontánez) y el señor Jaime Ferrer Fontánez (señor Ferrer) (en conjunto, apelantes) mediante recurso de *Apelación* y nos solicitan que revoquemos la *Sentencia Final*[1] emitida y notificada el 3 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro apelado). Mediante el referido dictamen, el TPI declaró *Ha Lugar* la *Demanda*[2] presentada por Banco Popular de Puerto Rico (Banco Popular o apelado).

---

[1] Apéndice 29 del recurso de *Apelación*.
[2] Apéndice 1 del recurso de *Apelación*.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso de *Apelación* de epígrafe por falta de jurisdicción.

## I.

La génesis del caso de autos ocurrió el 22 de julio de 2024, cuando el Banco Popular instó una *Demanda* de cobro de dinero y reposición de bienes muebles contra los apelantes. En esta, el apelado alegó que era tenedor del *Contrato de Financiamiento de Vehículo y Pagaré*[3] (Contrato) número 822-001-1514326-0001, sobre el vehículo de motor marca BMW, modelo 328I del Año 2009, Tablilla HLF380 y VIN WBAWB33529P137097. Igualmente, arguyó que el señor Ferrer incumplió con los términos del *Contrato*, por lo que adeudaba la suma de treinta y nueve mil novecientos cuarenta y dos dólares con noventa y tres centavos ($39,942.93), intereses a razón del 10.250000% anual a partir del 7 de febrero de 2024 y la suma de mil novecientos noventa y siete dólares con quince centavos ($1,997.15) por concepto de costas, gastos y honorarios, según se había pactado. Finalmente, le requirió al señor Ferrer, así como a sus herederos, el pago de la suma adeudada y le solicitó al foro apelado que ordenara la reposesión y disposición del vehículo en controversia.

Luego de varios trámites procesales, el apelado presentó *Escrito Solicitando se Anote Rebeldía y se Dicte Sentencias Parcial*[4]. Banco Popular, alegó en el escrito que los apelantes fueron emplazados conforme a lo establecido en nuestro ordenamiento[5] y, eventualmente, emplazados mediante edicto[6], pues el emplazamiento personal resultó infructuoso[7]. Del mismo modo, adujo que transcurrió el término establecido por ley para

---

[3] Apéndice 1 del recurso de *Apelación*, Contrato.
[4] Apéndice 28 del recurso de *Apelación*.
[5] Apéndice 5, 6, 7, 8 y 9 del recurso de *Apelación*.
[6] Apéndice 23 del recurso de *Apelación*.
[7] Apéndice 14 del recurso de *Apelación*.

comparecer sin que los apelantes hayan formulado alegaciones responsivas y/o oponerse a la *Demanda*.

Evaluado el escrito presentado por Banco Popular, el 3 de abril de 2025, el TPI emitió y notificó una *Sentencia Final* en la cual declaró *Ha Lugar* la *Demanda*. Por consiguiente, ordenó a los apelantes a pagarle a Banco Popular la totalidad de las sumas, según reclamadas en la demanda y ordenó la reposesión y disposición del vehículo en controversia. Ese mismo día, el foro apelado emitió la *Notificación de Sentencia por Edicto*[8].

Inconforme con la determinación, el 16 de abril de 2025, la señora Fontánez presentó *Moción de Reconsideración*[9]. Posteriormente, el 21 de abril de 2025, el señor Ferrer presentó *Reconsideración; Moción en Oposición a Que Se Anote La Rebeldía y Se Conceda Extensión de Término para Contestar la Demanda; Moción Solicitando Que se Deje sin Efecto Anotación de Rebeldía y Falta de Parte Indispensable*[10]. Examinadas las reconsideraciones, el 22 de mayo de 2025, el TPI emitió y notificó dos órdenes, en las cuales determinó *No Ha Lugar* a las mociones de los apelantes[11].

Insatisfechos aun, el 23 de junio de 2025, los apelantes recurrieron ante este foro vía recurso de *Apelación* y señalaron los siguientes errores:

> Erró el Honorable TPI al haber dictado Sentencia estando el caso aun en el proceso de Descubrimiento de Prueba y sin haber expresado o resuelto alguna de las disposiciones alegadas.
>
> Erró el Honorable TPI al haber permitido al Apelado la falta de notificación de los escritos a las partes a las cuales se les había anotado la rebeldía y al expresarlo en sus escritos sin haber sido corregidos.
>
> Erró el Honorable TPI el haber negado y no permitir el curso del caso contra la Apelante Sra. Fontánez Ortiz.
>
> Erró el Honorable TPI al no declarar "HA LUGAR" la solicitud de que se dejara sin Efecto la Anotación de Rebeldía y autorizar la contestación de la demanda al Apelante Sr.

---

[8] Apéndice 30 del recurso de *Apelación*.
[9] Apéndice 31 del recurso de *Apelación*.
[10] Apéndice 33 del recurso de *Apelación*.
[11] Apéndice 37 y 38 del recurso de *Apelación*.

Ferrer Fontánez a pesar de que el compareciente expresó la existencia del desconocimiento de la demanda la cual creó un error y/o negligencia excusable.

El 3 de julio de 2025[12], emitimos una *Resolución,* la cual lee como sigue:

(...)

Al examinar el expediente, nos hemos percatado que, entre los demandados, figuran partes que fueron emplazadas por edicto. Sin embargo, desconocemos si se ordenó la correspondiente notificación de la sentencia por edicto a dichas partes y/o si dicho trámite se completó.

Por tanto, a los fines de auscultar nuestra jurisdicción, concedemos a las partes hasta el **miércoles, 9 de julio de 2025**, para que nos informen si el referido trámite se realizó.

(...)

En cumplimiento con lo antes mencionado, los apelantes presentaron *Moción Informativa y en Cumplimiento de Resolución,* en la cual alegaron que:

(...)

Luego de revisar el expediente de este caso en el TPI, hemos observado que al día que se radica este escrito la parte apelada no ha presentado documento alguno acreditando que se notificara por edicto la sentencia a las partes que fueron emplazadas por edicto.

La parte Apelante estuvo bajo la impresión que la parte apelada estaba en el proceso de notificar la sentencia por edicto a las personas emplazadas por edicto, razón por lo cual presentó el recurso de epígrafe. La parte apelante desconoce si el trámite se completó, y aparentemente no se hizo. Esta parte está consciente que el no haberse completado el trámite de notificación por edicto, no le permite a este Honorable Tribunal de Apelaciones, adquirir jurisdicción.

(...)

Al considerar lo informado por los apelantes, determinamos que en este momento este foro intermedio apelativo no tiene jurisdicción para disponer del caso. Por tanto, con el fin de lograr el más justo y eficiente despacho de la presente causa de acción, procedemos a emitir nuestro dictamen sin necesidad del escrito en

---

[12] Notificada el 7 de julio de 2025.

contestación al recurso, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[13].

## II.

### -A-

Como principio fundamental, en nuestro ordenamiento procesal, si una sentencia, orden o resolución no es notificada a todas las partes, el pronunciamiento de que trate no es vinculante. Así pues, hasta que no se notifica adecuadamente a las partes una resolución, orden o sentencia, ésta no surte efectos y los distintos términos que de ella dimanan no comienzan a decursar[14]. Adjudicarle efectos procesales a una determinación judicial que no se ha notificado, trastoca el andamiaje procesal y socava los cimientos del debido proceso de ley[15].

En el caso de autos y a fin de cumplir con el requisito de notificación de un dictamen judicial, cuando a una parte se le haya anotado su rebeldía y, a su vez, haya sido emplazada por edicto, la Regla 65.3 (c) de Procedimiento Civil[16], dispone que:

(...)

[e]l Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.

(...)

---

[13] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[14] *Caro v. Cardona,* 158 DPR 592, 593 (2003).
[15] *Íd.*
[16] 32 LPRA Ap. V, R. 65.3 (c).

Ahora bien, en materia de derecho apelativo y conforme al ordenamiento vigente, la Regla 52.2 (a) de las de Procedimiento Civil[17], establece que los recursos de *apelación* sometidos a la consideración del Tribunal de Apelaciones para revisar las sentencias emitidas por el Tribunal de Primera Instancia deberán ser presentados dentro del término de treinta (30) días a partir de la fecha de la notificación de las mismas. Asimismo, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones, establece igual periodo para la formalización de dicho recurso[18].

**-B-**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias[19]. Reiteradamente, se ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay[20]. De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal[21]. Por consiguiente, los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado[22]. Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*[23]. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia[24].

Por otro lado, según se ha definido, un recurso prematuro es uno que se ha presentado con relación a una determinación que está

---

[17] 32 LPRA Ap. V, R. 52.2 (a).
[18] Regla 13(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[19] *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022).
[20] *Íd.*
[21] *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013).
[22] *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003)
[23] *Pueblo v. Ríos Nieves, supra,* pág. 273-274.
[24] *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta[25]. Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos[26]. Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia[27]. Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración[28].

**III.**

Luego de evaluar el expediente del caso de autos, somos de la opinión de que en este momento este foro intermedio apelativo no tiene jurisdicción para disponer del caso, pues el mismo fue presentado de forma prematura.

Surge del tracto procesal que, si bien el TPI emitió la *Notificación de Sentencia por Edicto*, Banco Popular no cumplió con la Regla 65.3 (c) de Procedimiento Civil, *supra*. Esto debido a que, no se evidenció que el apelado publicara el aviso en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informara a los apelantes de la sentencia dictada y del término para apelar. Tras una búsqueda en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), no obra documentación alguna que compruebe que se les notificó a los apelantes, mediante correo certificado con acuse de recibo a su última dirección, ni copia del aviso de notificación de la sentencia publicado.

Al no haber concurrido la notificación adecuada de la *Sentencia Final* en controversia, resolvemos que los términos que de

---

[25] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[26] *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 97-98 (2008).
[27] *Íd.,* a la pág. 98.
[28] *Yumac Home v. Empresas Massó, supra,* pág. 107.

la misma dimanan, no han comenzado a transcurrir. Por tanto, la presente causa no es sino un llamado anticipado al ejercicio de nuestras funciones de revisión, por lo que carecemos de jurisdicción para entender sobre sus méritos. Hasta tanto no se cumpla con la publicación del dictamen en controversia, el mismo no está sujeto a trámite ulterior alguno.

### IV.

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, ***desestimamos*** el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones